2014 Ark. App. 393

**Calvin Jerome STOVER, Appellant**

v.

**STATE of Arkansas, Appellee.**

**No. CR–13–682.**

Court of Appeals of Arkansas.

June 18, 2014.

696

Heather G. Zachary, for appellant.

Dustin McDaniel, Att'y Gen., by: Jake H. Jones, Ass't Att'y Gen., for appellee.

RITA W. GRUBER, Judge.

Calvin Jerome Stover was convicted by a jury of possession of the controlled substance methamphetamine, felon in possession of a firearm, and simultaneous possession of drugs and firearms—for which he was sentenced to prison terms totaling forty years. He raises three points on appeal. First, he contends that the circuit court abused its discretion by failing to grant his motion for mistrial. Second, he challenges the sufficiency of the evidence to support the drug convictions. Third, he contends that the circuit court improperly allowed the introduction of certain evidence during the sentencing phase of trial. We affirm.

### Sufficiency of the Evidence

The prohibition against double jeopardy requires that we review the sufficiency of evidence before we examine trial error. *Powell v. State,* 2013 Ark. App. 322, 427 S.W.3d 782. Stover argues on appeal that the evidence was insufficient to show that he possessed a usable quantity of methamphetamine, but he argued in his motions for directed verdict only that there was insufficient proof of his intent to possess methamphetamine. Arguments not raised at trial will not be addressed for the first time on appeal; parties are bound on appeal by the scope and nature of the arguments presented to the trial court. *Abshure v. State,* 79 Ark.App. 317, 87 S.W.3d 822 (2002). We will not address Stover's challenge to the sufficiency of the evidence because he has changed his argument from the one he made at trial.

### Motion for Mistrial

Stover was brought into the courtroom in street clothes and appeared before potential jurors; shortly afterward, the prosecutor observed that there was a jail ID bracelet on Stover's left wrist. The prosecutor stated in a bench conference, "[W]e may want to get that off. . . . I mean it kind of defeats the purpose. . . ." Stover immediately moved for a mistrial "based on the fact that some potential jurors have already seen him in the company of a deputy, clearly in custody, and additionally, the fact that he is still wearing his jail ID bracelet." The judge stated, "I think that historically—the defendants wear long-sleeve shirts. . . . For the record, it's a clear bracelet, but part of it is not clear. Half of it is clear and the other half indicates his identification." The court excused the two potential jurors who indicated that they had seen Stover with the deputy sheriff before court, and it called a five-minute recess so that the bracelet could be taken off. Court reconvened for voir dire after the bracelet was removed.

Stover argues on appeal that his right to a fair trial was prejudiced because he was wearing a distinct and identifiable

prison bracelet when he was brought before the entire jury panel. He draws an analogy to *Box v. State*, 348 Ark. 116, 71 S.W.3d 552 (2002), which held ₃that a defendant's right to a fair trial is placed in serious jeopardy if the defendant is tried in prison garb. He distinguishes his case from *Lynch v. State*, 315 Ark. 47, 863 S.W.2d 834 (1993), which lacked sufficient evidence that jurors serving at trial had actually seen appellant wearing his bright orange jail uniform, handcuffs, and security belt at a pretrial hearing.

In *Box, supra*, appellant had arranged for his parents to bring his civilian clothing to the courthouse but they were not there when he arrived. The circuit court denied his motion to delay trial until he could be dressed in civilian clothes and found that his failure to make successful arrangements was a waiver of his right to be tried in civilian clothing. He was brought into the courtroom and appeared in front of the venire panel still wearing the white uniform of an Arkansas Department of Correction inmate. His parents arrived with civilian clothing shortly afterward, and he was allowed to change before his trial ended. The jury found him guilty of aggravated robbery and first-degree battery.

Box argued on appeal that the trial court erred in forcing him to appear before the jury while dressed in prison garb. Our supreme court reversed and remanded for a new trial, finding error in the circuit court's ruling that Box waived his right to appear in civilian clothing. It explained:

> In *Miller [v. State*, 249 Ark. 3, 457 S.W.2d 848 (1970) ], we adopted the rule then held by the majority of States that "absent a waiver accused should not be forced to trial in prison garb." *Miller*, 249 Ark. at 5, 457 S.W.2d 848.... Six years later, the United States Supreme Court noted this court's opinion in *Mil-*

> *ler* with approval and adopted a somewhat similar rule in *Estelle v. Williams*, 425 U.S. 501, 96 S.Ct. 1691, 48 L.Ed.2d 126 (1976). The holding of the U.S. Supreme Court in *Estelle* was that under the Fourteenth Amendment, *a defendant's constitutional rights were violated when he was compelled to wear identifiable prison clothing....* The rule in Arkansas remains that the accused may not be forced to trial in prison garb absent a waiver.

₄*Box*, 348 Ark. at 123–24, 71 S.W.3d at 556–57 (emphasis added).

The *Box* court rejected the State's argument that appellant failed to preserve his issue on appeal because he did not make a motion for a mistrial:

> [N]o jury had been chosen or charged. There was no reason to bring a motion for mistrial because there was *nothing* as yet that could be mistried. The relief sought is obvious. *Box moved for a continuance to allow time to obtain civilian clothing. Without question the issue is preserved for review.*

> We also note that the trial court overruled Box's objection to being tried in prison garb in denying the motion for a continuance.... Even if the jury had been sworn and a motion for mistrial could have been brought, *to require Box to move for a mistrial after the trial court had ruled on his objection and motion for a continuance would be to require a vain and useless act. Logan v. State*, 299 Ark. 266, 773 S.W.2d 413 (1989). The law does not require vain and useless acts....

> It is clear the prejudice at issue here attaches from the potential jurors seeing Box.... The jurors saw Box when he was brought up before the pretrial proceedings began. The proper method to raise the issue was to bring the matter to the court's attention, as was done, and

to seek a continuance. The trial had not commenced. The jury had not been sworn.... The solution was simply to bring in a fresh jury panel once Box was in civilian clothing.

*Id.* at 125–26, 71 S.W.3d at 558 (emphasis added) (some internal citations omitted).

■■■ Stover argues that the appropriate remedy to avoid prejudice to him was to dismiss the jury pool and bring in a fresh one—as in *Box*—and that the circuit erred by denying his motion for mistrial. The State responds that the issue is not preserved for review because mistrial was not an appropriate remedy.[1] We agree that mistrial was not the appropriate remedy, although for different reasons. A mistrial is a drastic remedy and should be declared only when there has been an error so prejudicial that justice cannot be served by continuing the trial, or when the fundamental fairness of the trial itself has been manifestly affected. *Tate v. State*, 367 Ark. 576, 242 S.W.3d 254 (2006); *Gaines v. State*, 340 Ark. 99, 8 S.W.3d 547 (2000). The trial court has wide discretion in granting or denying a motion for mistrial, and absent an abuse of that discretion, the decision will not be disturbed on appeal. *Tate, supra.*

Moreover, Stover never obtained a ruling on his motion for mistrial. The appellate court will not address an issue on which an appellant has failed to obtain a clear ruling. *Rutledge v. State*, 345 Ark. 243, 45 S.W.3d 825 (2001); *Enos v. State*, 313 Ark. 683, 858 S.W.2d 72 (1993). Finally, he requested no further relief after his prison ID bracelet was removed during the short recess and court reconvened for fur-

ther proceedings. We therefore do not address the issue he raises on appeal, that the trial court abused its discretion in failing to grant his motion for a mistrial.

*Evidence at Sentencing*

■■■ Stover contends that during the sentencing phase of trial, the circuit court improperly allowed the State to introduce testimony regarding his subsequent arrest and charges, for which he had not been convicted and which were the subject of a pending motion to reconsider his motion to suppress. Springdale police officer Matt Haskins testified over Stover's objection that less than four months after the crimes in the current case occurred, Haskins found a pistol and six baggies of methamphetamine during an inventory search of Stover's car pursuant to his arrest on felony warrants. Stover argues that this testimony was inadmissable because it was more prejudicial than probative. He asserts that the testimony was dissimilar from the charges in the present case—especially because he was not charged with sale or distribution of methamphetamine in connection with either case.

■■■ The trial court's decision to admit evidence in the penalty phase of a trial is reviewed for an abuse of discretion. *Id.* Additionally, a defendant who has received a sentence within the statutory range short of the maximum sentence cannot show prejudice from the sentence. *Gill v. State*, 2010 Ark. App. 524, 376 S.W.3d 529.

■■■ Evidence relevant to sentencing may include relevant character evidence or

---

1. The State cites *Box, supra,* for its argument that mistrial was inappropriate. In *Box,* however, our supreme court implicitly rejected the State's preservation argument and did not hold that a mistrial motion is never proper before a jury is sworn. *See, e.g., Williams v. State*, 371 Ark. 550, 555, 268 S.W.3d 868, 872

(2007) ("Grounds for a mistrial could easily occur prior to the time that the petit jury is sworn. A prime example would be prejudice to the panel committed by improper comments made by counsel or other jurors during voir dire.").

evidence of aggravating and mitigating circumstances. Ark.Code Ann. § 16–97–103(5), (6) (Repl.2006); *see also Huff v. State,* 2012 Ark. 388, 423 S.W.3d 608 (stating that "[e]vidence of uncharged criminal conduct can be admissible at the penalty phase of a trial if it is relevant evidence of the defendant's character or as evidence of an aggravating circumstance"). Evidence is relevant if it has any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. Ark. R. Evid. 401. (2013). All relevant evidence on the question of sentencing may be considered, and it may include evidence on the issue of rehabilitation. *Crawford v. State,* 362 Ark. 301, 208 S.W.3d 146 (2005).

■ Here, the circuit court did not abuse its discretion by allowing the testimony about subsequent crimes. Given the similarities of the subsequent crimes and the crimes in the present appeal—possession of methamphetamine and of a firearm—it cannot be said that the testimony was more prejudicial than probative. The testimony was relevant as an aggravating circumstance, showed Stover's character, and demonstrated his lack of potential for rehabilitation. Moreover, Stover cannot show that he was prejudiced by the sentence: the jury sentenced him to forty years' imprisonment for simultaneous possession of drugs and firearms after being instructed that the crime carried a sentence up to life in prison.

Affirmed.

GLOVER and WHITEAKER, JJ., agree.