

# ARKANSAS COURT OF APPEALS

DIVISION II
No. CR-14-651

CHRISTOPHER VAUGHN
                                    APPELLANT

V.

STATE OF ARKANSAS
                                    APPELLEE

Opinion Delivered  FEBRUARY 25, 2015

APPEAL FROM THE HOWARD
COUNTY CIRCUIT COURT
[NO. CR 2013-64-2]

HONORABLE CHARLES A.
YEARGAN, JUDGE

AFFIRMED

## CLIFF HOOFMAN, Judge

Appellant Christopher Vaughn appeals after he was convicted by a Howard County jury of one count of possession of firearms by certain persons and was sentenced as a habitual offender to forty years' imprisonment in the Arkansas Department of Correction. On appeal, appellant contends that (1) the trial court abused its discretion in violation of his right to a fair trial and due process and (2) that the trial court abused its discretion in allowing the presentation of evidence of other charges against the appellant in the sentencing phase. We affirm.

Appellant was charged by information with possession of firearms by certain persons, resisting arrest, and drinking in public. During the guilt phase of his trial, the State's primary witness was Stephen Wakefield, a deputy sheriff for Howard County. He testified that he stopped appellant after he observed that appellant's vehicle did not have any tags and appellant was driving across the shoulder. While he was talking to appellant, he smelled alcohol from

appellant and from inside the vehicle. Because appellant had an injury that prevented him from standing, Deputy Wakefield testified that he searched the car from the passenger side for alcohol. During the search, he observed that appellant had a black pistol by his feet. He also found a beer bottle near the floorboard in the back seat that had spilled over the back seat.

On behalf of appellant, Rhoshawnda Whitaker, appellant's girlfriend, testified that she was in the passenger seat of the vehicle with appellant when he was pulled over by Deputy Wakefield. She testified that she had spilled a beer in the floorboard and that she had a black pistol with her that she had not informed appellant that she had. She further testified that the pistol was on the passenger side of the vehicle by her and was not located by appellant. Subsequently, the jury found appellant guilty of possession of firearms by certain persons and not guilty of resisting arrest. The record reflects that appellant's charge for drinking in public was dismissed. Appellant does not contest the jury's verdict on appeal.

During the sentencing phase of his trial, the trial court first heard a motion in limine regarding whether to allow the State to admit evidence of two subsequently charged but untried felonies: possession of a firearm and delivery of methamphetamine. Appellant specifically argued the following:

> Judge, it is our position, looking at the case law, specifically, State vs. Thomas. I do have the actual case, and reading over the additional cases that went with it, Crawford case, the Brown case, in those cases, and in the Thomas case, the Court stated that the reason why, that the offense must be relevant to the charge that he is facing at this time. The Court said that the acts were not similar acts. In that case, let me go back. The Court in that case, charged, the guy was charged with robberies. There was another robbery that was had, that had very similar circumstances in it.
>      The Court stated that because, as to relevance, because that case was similar to the offense to which he was being prosecuted and had been convicted on, that they allowed that in. But that there is a similarity that must be looked at by the Court as

to the charges.  For example, if a person is charged with a Theft of Property.  If you look at it in the view of the State prior to the <u>Thomas</u> case, you could bring in a dog abuse case, a case that it was not related in any way to it.  It does not, the fact that he's charged with a possession or delivery case of Methamphetamine, is not the same as a case involving Possession by Certain Persons of a Firearm, especially when that particular case did not involve a firearm.

And so it is our position, Judge, that in looking at the <u>Thomas</u> case and in looking back, also, at the <u>Crawford</u> and <u>Brown</u> case, that the acts, and in those cases, it mirrors the same way.  Those acts that are used in the sentencing phase are all similar to the act that he's being charged for.  And we think without that it's a violation of his Constitutional right.  In addition to the fact that it is not relevant.  That it is not, does not have any relation to the actual charged offense.  Is prejudicial, of course, to him, and he does not have the ability to respond to the charges without giving up his right to remain silent in a sentencing hearing.

And so, as a result, Judge, we believe that that one charge for sure.  We also believe, constitutionally, that the charge Possession by Certain Persons is also unconstitutional, his right to a fair trial, his right to remain silent; but, definitely on the case that involves a drug case that has nothing to do with Possession by Certain Person, it is highly prejudicial.  It's not relevant.  They are not similar facts.  They won't aggravate that he is accused of being involved in delivery of a controlled substance, which has not been proven.  So we would ask that that particular, we would ask that they both be, the State be limited to not use this evidence relating to those two charges.

After additional arguments made by counsel regarding whether the charges were relevant, the

court made the following oral ruling:

Well, I would have tended to agree with you two or three days ago before reading some of these cases, the evidence of other crimes that are not similar to the one he's charged with here or the one, I guess, his underlying charge.  But my reading of <u>Thomas</u> is strictly different from yours.  The way I understood was they were saying any evidence of aggravating circumstances showing his propensity to engage in similar conduct, and they quote <u>Brown v. State</u>.  And then it says it's relevant evidence if the Defendant's character or evidence with aggravating circumstances.  I think your reading of the cases is not consistent with the Supreme Court.
. . . .

We are in front of the jury and we are whispering.  I know from <u>Brown</u> and <u>Davis</u> and <u>Thomas</u> and <u>Crawford</u>, that there were other charges that were not similar to what he's charged with, so I am going to have to deny your motion.

However, the court never specifically ruled on appellant's constitutional challenges.

Subsequently, Bryan McJunkins, the chief deputy for the Howard County Sheriff's Department, testified that he arrested appellant for possession of a firearm after appellant was on bond for the charges in this case. Deputy McJunkins testified that he found a firearm near the scene of a car accident that involved the appellant. He also testified that he charged him with tampering with the evidence because he believed that appellant had thrown the gun out the window. When the State sought to elicit testimony from him regarding a statement that appellant made at the time of his arrest, appellant objected. Appellant, in a conclusory fashion, alleged that he was being denied his right to a fair trial, his right to confront witnesses, and the opportunity to find evidence that might rebut the witnesses' statements. He also alleged that the evidence was cumulative, irrelevant, and confusing to the jury. The trial court did not specifically rule on these objections. Additionally, appellant's counsel argued that he did not have sufficient notice regarding those subsequent charges to adequately prepare and that he was not representing appellant on those subsequent charges. The trial court responded that "[w]ell, that's your problem on that part." However, the trial court ruled that the statement would be inadmissible if the statement was made after his arrest without *Miranda* warnings and permitted the State to voir dire the witness regarding the timing of the statement. After the witness testified that the statement was made after he told appellant that he was going to place him under arrest for possession of firearms by certain persons if he did not need medical treatment, the State withdrew its question.

Greg Davignon, a special agent with the South Central Drug Task Force, testified that

he had arranged two controlled buys, in which he used a confidential informant, James Irvin, Jr., to purchase methamphetamine from appellant. James Irvin, Jr., confirmed that he purchased methamphetamine from appellant for the South Central Drug Task Force. During Irvin's testimony, appellant objected to the introduction of video evidence depicting the drug transactions. As grounds for his objection, appellant simply stated that "[w]e object to the videos' introduction. It violates his rights, his right to a fair trial and other Constitutional rights." The court summarily overruled this objection. Finally, Amanda Cornelison, a forensic chemist at the Hope Regional Crime Lab, verified that the suspected narcotics obtained from the purchases consisted of methamphetamine.

The State finally admitted without objection certified copies of judgments and commitments for previous felonies, including aggravated assault, breaking or entering, possession of a firearm, and delivery of a controlled substance. The jury recommended a sentence of forty years' imprisonment and a fine of fifteen thousand dollars as a habitual offender, and the circuit court imposed the sentence recommended by the jury. This appeal followed.

On appeal, appellant first contends that the trial court abused its discretion in violation of his right to a fair trial and due process. Appellant argues that "[t]he introduction of such lengthy and curative evidence without the ability of counsel to fruitfully work to disapprove or, in the case of the video and picture evidence, attack the authenticity or admissibility of the same violates his right to mount a meaningful defense." Furthermore, he argues that the "presentation of such evidence without the defendant's right to fully develop oppositional

SLIP OPINION

evidence or evidentiary defenses to the same not only violated his constitutional right but in addition allows for the presentation of cumulative evidence clearly prejudicial to the defendant and confusing to the jury especially as it relates to what exactly they are sentencing him for in this matter." However, these arguments are not preserved for this court's review.

It is well settled that an appellant must raise and make an argument at trial in order to preserve it on appeal, and this is true even when the issue raised is constitutional in nature. *Raymond v. State*, 354 Ark. 157, 118 S.W.3d 567 (2003). Moreover, an appellant must obtain a ruling on his or her argument to preserve the matter on appeal, and the burden of providing a record sufficient to demonstrate error is upon the appellant. *Id.*

Here, appellant fails to identify when he objected or obtained any rulings from the trial court on the issues he now alleges in the argument section of his brief. In fact, the State directs this court's attention to specific objections in the record and alleges that appellant failed to obtain a ruling on his specific constitutional arguments now on appeal. After reviewing the record, we find that appellant only once obtained a ruling based on his general assertion that his constitutional rights were violated. However, even then, appellant simply argued that the introduction of video evidence during Irvin's testimony violated his "right to a fair trial and other Constitutional rights," and the trial court summarily denied appellant's objection without further discussion. Our supreme court has clearly held that a general constitutional objection is not sufficient to preserve constitutional questions presented on appeal, as an appellate court will not strike a legislative act without first having the benefit of a fully developed adversary case. *Id.* Furthermore, this court does not consider arguments that are

6

not supported by compelling argument or citations of law. *Id.* Thus, appellant's arguments are not preserved on appeal because he either failed to obtain a ruling from the trial court or failed to fully develop an adversarial case for this court to consider his constitutional arguments.

Appellant also specifically argues that the State's late tender of information regarding the charges presented at the sentencing phase prejudiced his ability to fully attack the "confidential informant, the admissibility of videos or photographs[,] and other evidentiary arguments" that may have affected the admissibility of such evidence. To the extent this issue is preserved, the record reflects that appellant failed to request a continuance and has failed to demonstrate on appeal how he was prejudiced by the late notice. It is appellant's burden to prove that he was prejudiced, and we refuse to find reversible error in such cases without a showing of prejudice. *Chunestudy v. State*, 2012 Ark. 222, at 13, 408 S.W.3d 55, 64.

Next, appellant contends that the trial court abused its discretion in allowing the presentation of evidence of other charges against the appellant in the sentencing phase. Specifically, he argues that the subsequent charges were dissimilar to the charges in his present case and were therefore irrelevant.

Our supreme court has held that a trial court has wide discretion in admitting evidence of other crimes or wrongs, and its decision will not be reversed absent an abuse of discretion. *McClish v. State*, 331 Ark. 295, 962 S.W.2d 332 (1998). Arkansas Code Annotated section 16-97-103 provides that "[e]vidence relevant to sentencing by either the court or a jury may include, but is not limited to . . . [r]elevant character evidence . . . [and e]vidence of

aggravating and mitigating circumstances." Evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Ark. R. Evid. 401 (2014). Furthermore, under the plain language of the statute, the trial court is not obligated to limit evidence during the sentencing phase to only those categories listed under section 16-97-103. *Crawford v. State*, 362 Ark. 301, 208 S.W.3d 146 (2005).

In *Crawford*, our supreme court held that the trial court did not abuse its discretion in admitting subsequent criminal activity during the sentencing phase of trial because it was relevant to the possibility of rehabilitation. *Id.* The *Crawford* court explained that to exclude evidence of subsequent offenses at sentencing would in fact defeat the purpose of the sentencing statutes, which is to allow the court or a jury to consider all evidence relevant to sentencing, even if such evidence would have been inadmissible at the guilt phase. *Id.*

In *Helms v. State*, Helms was convicted of residential burglary and theft of property. 92 Ark. App. 79, 211 S.W.3d 53 (2005). During the penalty phase, he objected to the State's introduction of evidence that showed that he was on bond but not yet convicted for forgery when he committed the residential burglary and theft of property at issue. *Id.* This court held that the trial court did not abuse its discretion in allowing the admission of this evidence because the evidence provided proof of his character and was relevant to the jury's determination of an appropriate punishment. *Id.*

Additionally, in *Stover v. State*, Stover was convicted by a jury of possession of the controlled substance methamphetamine, felon in possession of a firearm, and simultaneous

8

possession of drugs and firearms. 2014 Ark. App. 393, 437 S.W.3d 695. The State sought to introduce testimony that an officer found a pistol and six baggies of methamphetamine during an inventory search of Stover's car pursuant to subsequent felony arrests four months after his arrest for the current charges. *Id.* On appeal, he argued that the testimony was dissimilar to the charges in his present case because he was not charged with the sale or distribution of methamphetamine in either case. *Id.* This court again held that the testimony of subsequent crimes in the sentencing phase was relevant as an aggravating circumstance, that it showed his character, and that it demonstrated his lack of potential for rehabilitation. *Id.*

Here, the trial court allowed the State to introduce evidence that appellant subsequently committed two additional criminal offenses: possession of a firearm and delivery of methamphetamine. Because the trial court had wide discretion in allowing testimony regarding subsequent offenses during the sentencing phase, we do not find that the trial court abused its discretion in finding that the evidence of continued criminal activity was relevant to the jury's determination of an appropriate punishment, and we therefore affirm.

Affirmed.

ABRAMSON and HIXSON, JJ., agree.

*The Law Office of Darrell F. Brown, Jr.*, by: *Darrell F. Brown, Jr.*, for appellant.

*Dustin McDaniel*, Att'y Gen., by: *Eileen W. Harrison*, Ass't Att'y Gen., for appellee.