

# ARKANSAS COURT OF APPEALS

DIVISION II
No. CR–16–769

| | |
|---|---|
| | Opinion Delivered: **April 19, 2017** |
| CHRISTOPHER R. VAUGHN<br>**APPELLANT**<br><br>V.<br><br>STATE OF ARKANSAS<br>**APPELLEE** | APPEAL FROM THE HOWARD COUNTY CIRCUIT COURT<br>[NO. 31CR-13-64]<br><br>HONORABLE CHARLES A. YEARGAN, JUDGE<br><br>AFFIRMED |

## KENNETH S. HIXSON, Judge

Appellant Christopher Vaughn appeals after the Howard County Circuit Court entered an order denying his petition for postconviction relief filed pursuant to Arkansas Rule of Criminal Procedure 37.1. For reversal, he contends that the circuit court erred because trial counsel was constitutionally ineffective for not properly preserving issues and arguments for purposes of appeal. We affirm.

During the guilt phase of his trial, Stephen Wakefield, a deputy sheriff for Howard County, testified that he stopped appellant after he had observed that appellant's vehicle did not have any tags, and appellant was driving across the shoulder. While he was talking to appellant, he smelled alcohol from appellant and from inside the vehicle. During a subsequent search, the deputy observed that appellant had a black pistol by his feet, and he found a beer bottle near the floorboard in the back seat that had spilled over the back seat. Appellant was convicted by a Howard County jury of one count of possession of firearms

SLIP OPINION

by certain persons and was sentenced as a habitual offender to forty years' imprisonment in the Arkansas Department of Correction.

During the sentencing phase of his trial, the trial court first heard a motion in limine regarding whether to allow the State to admit evidence of two subsequent charged but untried felonies: possession of a firearm and delivery of methamphetamine. Pursuant to *Thomas v. State*, 2012 Ark. App. 466, 422 S.W.3d 217, appellant argued that the subsequent untried felonies were not relevant and should be excluded because they were not sufficiently similar to the offense for which he was presently being charged. Additionally, he briefly argued that to allow the introduction of these two subsequent untried felonies would violate his constitutional right to remain silent as it pertains to those two charges.

> And so it is our position, Judge, that in looking at the *Thomas* case and in looking back, also, at the *Crawford* and *Brown* case, that the acts, and in those cases, it mirrors the same way. Those acts that are used in the sentencing phase are all similar to the act that he's being charged for. And we think without that it's a violation of his Constitutional right. In addition to the fact that it is not relevant. That it is not, does not have any relation to the actual charged offense. Is prejudicial, of course, to him, and he does not have the ability to respond to the charges without giving up his right to remain silent in a sentencing hearing.
>
> And so, as a result, Judge, we believe that that one charge for sure. We also believe, constitutionally, that the charge Possession by Certain Persons is also unconstitutional, his right to a fair trial, his right to remain silent; but, definitely on the case that involves a drug case that has nothing to do with Possession by Certain Person, it is highly prejudicial. It's not relevant. They are not similar facts. They won't aggravate that he is accused of being involved in delivery of a controlled substance, which has not been proven. So we would ask that that particular, we would ask that they both be, the State be limited to not use this evidence relating to those two charges.

After additional arguments made by counsel regarding whether the charges were relevant, the court made the following oral ruling:

2

SLIP OPINION

> Well, I would have tended to agree with you two or three days ago before reading some of these cases, the evidence of other crimes that are not similar to the one he's charged with here or the one, I guess, his underlying charge. But my reading of *Thomas* is strictly different from yours. The way I understood was they were saying any evidence of aggravating circumstances showing his propensity to engage in similar conduct, and they quote *Brown v. State*. And then it says it's relevant evidence if the Defendant's character or evidence with aggravating circumstances. I think your reading of the cases is not consistent with the Supreme Court.
>
> . . . .
>
> We are in front of the jury and we are whispering. I know from *Brown* and *Davis* and *Thomas* and *Crawford*, that there were other charges that were not similar to what he's charged with, so I am going to have to deny your motion.

While the trial court did rule that the subsequent untried felonies were sufficiently relevant to the current charges, it never specifically ruled on appellant's constitutional challenges, including his right to remain silent.

The first subsequent charge introduced during sentencing was for possession of a firearm by certain persons. Bryan McJunkins, the chief deputy for the Howard County Sheriff's Department, testified that he had found a firearm near the scene of a car accident that involved the appellant. He also testified that he had charged him with tampering with the evidence because he believed that appellant had thrown the gun out the window.

The second subsequent felony charge regarded the purchase of methamphetamine from a confidential informant. Greg Davignon, a special agent with the South Central Drug Task Force, testified that he had arranged two controlled buys in which he used a confidential informant, James Irvin, Jr., to purchase methamphetamine from appellant. James Irvin, Jr., confirmed that he had purchased methamphetamine from appellant for the South Central Drug Task Force. During Irvin's testimony, appellant objected to the introduction of video evidence depicting the drug transactions. As grounds for his

objection, appellant simply stated that "[w]e object to the videos' introduction. It violates his rights, his right to a fair trial and other Constitutional rights." The court summarily overruled this objection. Finally, Amanda Cornelison, a forensic chemist at the Hope Regional Crime Lab, verified that the suspected narcotics obtained from the purchases consisted of methamphetamine.

The State then admitted without objection certified copies of judgments and commitments for *previous* felonies, including aggravated assault, breaking or entering, possession of a firearm, and delivery of a controlled substance. The jury recommended a sentence of forty years' imprisonment and a fine of $15,000 as a habitual offender, and the trial court imposed the sentence recommended by the jury.

We affirmed appellant's direct appeal in which he argued that (1) the trial court abused its discretion in violation of his right to a fair trial and due process and (2) the trial court abused its discretion in allowing the presentation of evidence of other charges against the appellant in the sentencing phase. *Vaughn v. State*, 2015 Ark. App. 136, 456 S.W.3d 767. In doing so, we noted that appellant's arguments in his first point on appeal were "not preserved on appeal because he either failed to obtain a ruling from the trial court or failed to fully develop an adversarial case for this court to consider his constitutional arguments." *Vaughn*, 2015 Ark. App. 136, at 7, 456 S.W.3d at 771. Appellant had generally argued that "[t]he introduction of such lengthy and curative evidence without the ability of counsel to fruitfully work to disapprove or, in the case of the video and picture evidence, attack the authenticity or admissibility of the same violates his right to mount a meaningful defense" and that the "presentation of such evidence without the defendant's right to fully develop

SLIP OPINION

oppositional evidence or evidentiary defenses to the same not only violated his constitutional right but in addition allows for the presentation of cumulative evidence clearly prejudicial to the defendant and confusing to the jury especially as it relates to what exactly they are sentencing him for in this matter."

For his second point on direct appeal, appellant contended that the trial court abused its discretion in allowing the presentation of evidence of two other subsequent charges against the appellant in the sentencing phase. Specifically, he argued that the subsequent charges were dissimilar to the charges in this case and were therefore irrelevant. We held that "because the trial court had wide discretion in allowing testimony regarding subsequent offenses during the sentencing phase, we d[id] not find that the trial court abused its discretion in finding that the evidence of continued criminal activity was relevant to the jury's determination of an appropriate punishment[.]" *Vaughn*, 2015 Ark. App. 136, at 9, 456 S.W.3d at 772.

Following our affirmance, appellant filed his pro se petition for postconviction relief, alleging that trial counsel was ineffective after citing our opinion on direct appeal.[1] Appellant stated that trial counsel failed to obtain a ruling on the "constitutional challenges–specifically, concerning the sentencing phase of petitioner's trial when the judge first heard a motion in limin[e] regarding whether to allow the state to admit evidence of two subsequently charged but untried felonies." He generally alleged that the evidence submitted in the sentencing phase was "perhaps the most detrimental" and that the

---

[1]Appellant alleged other grounds for relief in his postconviction petition. However, because he has abandoned those arguments on appeal, we do not address them in this opinion.

"prejudicial effects of trial and/or appellate counsel's actions and inactions-if prejudice need to be shown in this instance-is crystal clear and redress is warranted."

An evidentiary hearing on appellant's petition was held, and appellant was represented by counsel at the hearing. Trial counsel testified at the hearing that he thought he had generally argued at trial that the admission of the two subsequent charges introduced during sentencing was a violation of appellant's due-process rights for a fair trial, but he admitted that he did not know if he received a ruling on his argument. At the evidentiary hearing, appellant orally argued that trial counsel was deficient based solely on our opinion on direct appeal. He further argued that he was prejudiced based on *Walls v. State*, 336 Ark. 490, 986 S.W.2d 397 (1999). He explained that there was some discussion in *Walls* regarding whether it was a due-process violation if trial counsel did not have an adequate opportunity to prepare and that trial counsel here testified that he failed to "make sure that there was a jury instruction that the State had to prove by a preponderance of the evidence of those new charges during sentencing phase." Appellant finally concluded his oral argument by stating that "there's a possibility that if the Court of Appeals had an opportunity to properly review a due process argument they may have made a different ruling."

After the evidentiary hearing, the circuit court denied appellant's petition for the following reasons:

> The allegation that Petitioner asserts has constitutional implications relates to the failure of his trial counsel to obtain a ruling on a particular issue. Although Vaughn's petition asserts that his conviction and sentence were imposed in violation of constitutional principles, he has failed to articulate or fully develop the basis for his constitutional challenges in either the petition or during the hearing on the petition. Because this Court cannot ascertain the connection between the petition or the record from the hearing, and because the Petitioner has failed to explain how the outcome of the trial would have been different had trial counsel obtained a ruling,

6

the Court is unable to address Petitioner's allegations. *See Adams v. State*, 2013 Ark. 174, cited in *Anthony v. State*, 2014 Ark. 195 (holding that failure to fully develop issues in a Rule 37 proceeding precludes consideration of the issues).

This appeal followed.

We assumed jurisdiction of this appeal pursuant to footnote 1 in *Barnes v. State*, 2017 Ark. 76, ___ S.W.3d ___ (per curiam). We do not reverse the denial of postconviction relief unless the circuit court's findings are clearly erroneous. *Conley v. State*, 2014 Ark. 172, 433 S.W.3d 234. A finding is clearly erroneous when, although there is evidence to support it, after reviewing the entire evidence, we are left with the definite and firm conviction that a mistake has been committed. *Id.* In making a determination on a claim of ineffective assistance of counsel, this court considers the totality of the evidence. *Id.*

Our standard of review also requires that we assess the effectiveness of counsel under the two-prong standard set forth by the Supreme Court of the United States in *Strickland v. Washington*, 466 U.S. 668 (1984). *Conley, supra.* In asserting ineffective assistance of counsel under *Strickland*, the petitioner must first demonstrate that counsel's performance was deficient. *Sartin v. State*, 2012 Ark. 155, 400 S.W.3d 694. This requires a showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the petitioner by the Sixth Amendment. *Id.* The reviewing court must indulge in a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Id.* The defendant claiming ineffective assistance of counsel has the burden of overcoming that presumption by identifying the acts and omissions of counsel which, when viewed from counsel's perspective at the time of trial, could not have been the result of reasonable professional judgment. *Id.*

Second, the petitioner must show that the deficient performance prejudiced the defense, which requires a demonstration that counsel's errors were so serious as to deprive the petitioner of a fair trial. *Conley*, *supra*. This requires the petitioner to show that there is a reasonable probability that the fact-finder's decision would have been different absent counsel's errors. *Id*. A reasonable probability is a probability sufficient to undermine confidence in the outcome of the trial. *Id*.

Unless a petitioner makes both *Strickland* showings, it cannot be said that the conviction resulted from a breakdown in the adversarial process that renders the result unreliable. *Id*. We also recognize that "there is no reason for a court deciding an ineffective assistance claim . . . to address both components of the inquiry if the defendant makes an insufficient showing on one." *Anderson v. State*, 2011 Ark. 488, at 3–4, 385 S.W.3d 783, 787 (quoting *Strickland*, 466 U.S. at 697).

Appellant argues that the circuit court erred in denying his petition because trial counsel failed to make a specific constitutional argument or obtain a ruling on a constitutional argument that would have excluded the evidence of two other subsequent charged offenses during the sentencing phase of his trial. Even if we were to assume that trial counsel was deficient in failing to make a proper constitutional argument that would have prohibited the introduction of the two subsequent charges during sentencing, appellant failed to show how he was prejudiced. We acknowledge that appellant cited *Walls* for support at the evidentiary hearing. However, *Walls* is not analogous to the facts of this case. *Walls* held that it was "unfair in the extreme for the sentencing judge to consider testimony of an uncharged, unproven crime for sentencing purposes under the aegis of victim–impact

8

testimony." *Walls*, 336 Ark. at 501, 986 S.W.2d at 403. Here, the State introduced two subsequent charged but untried felony offenses. On direct appeal, we held that this evidence was relevant to the jury's determination of an appropriate punishment. *Vaughn*, *supra*. Even if this evidence was excluded, the State additionally introduced, without objection, certified copies of judgments and commitments of four previous felonies. Based on those four previous felony convictions, the jury was permitted to sentence appellant to an extended term of imprisonment as a habitual offender, as it did. Thus, appellant failed to show how he was prejudiced, and we hold that the denial of appellant's postconviction petition was proper and not clearly erroneous.

Affirmed.

ABRAMSON and MURPHY, JJ., agree.

*C. Shane Ethridge*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Ashley Priest*, Ass't Att'y Gen., for appellee.