MIKE MURPHY, Judge
Appellant Michael Mercouri appeals after the Pulaski County Circuit Court entered an order denying his petition for postconviction relief filed pursuant to Arkansas Rule of Criminal Procedure 37.1. For reversal, he contends that the circuit court erred because trial counsel was constitutionally ineffective (1) for failing to present a defense; (2) for failing to present evidence sufficient to call for a jury instruction on a lesser included offense; (3) for failing to seek the removal of a juror for cause; and (4) because appellate counsel was ineffective on Mercouri's behalf in his direct appeal.[1] We affirm.
A. Relevant History
The supreme court explained the incident that led to this charge in Mercouri v. State , 2016 Ark. 37, at 1-2, 480 S.W.3d 864, 865.
In April 2013, Kelvin Perry, the general manager of Aaron's in North Little Rock, was leaving work for lunch and to make a deposit at the bank. As he was walking through the Aaron's parking lot, he heard someone yell his name. Perry saw Mercouri, a former temporary employee, sitting in his vehicle. Perry recognized Mercouri and walked over to him. Mercouri inquired why Perry had not asked him to work lately. Perry responded that he did not need any additional help. Mercouri then reached down, pulled out a gun, and placed it on his lap. Perry "didn't think anything of it" until Mercouri grabbed him by the sleeve of his jacket, tried to pull him through the car window, and said "[G]ive me your money." Mercouri grew angry and pointed the gun toward Perry when Perry responded that he did not have any money. Mercouri ordered Perry to get in the back seat of the vehicle. Perry opened the back door of the vehicle but, instead of getting in, he suddenly ran across the street. Mercouri immediately left the scene, and Perry called the police.
A Pulaski County jury convicted Mercouri of aggravated robbery and sentenced him to ten years' imprisonment in the Arkansas Department of Correction (ADC). On appeal, he contended sufficient evidence did not support the conviction. Our supreme court affirmed without reaching the merits because appellate counsel's specific argument was not preserved. Additionally, the court affirmed the denial of his motion to set aside his guilty verdict.
*332 On April 22, 2016, Mercouri filed a properly verified petition for postconviction relief pursuant to Arkansas Rule of Criminal Procedure 37.1. On December 14, 2016, without holding an evidentiary hearing, the circuit court denied Mercouri's petition in an eleven-page order. The circuit court denied relief on his first claim that counsel was ineffective for failing to investigate the case and present a coherent defense, stating that the vague allegation of general ineffectiveness does not offer specifics that could be analyzed under Strickland v. Washington , 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1994)'s two prongs. The court denied relief on Mercouri's second claim that counsel was ineffective for failing to present evidence sufficient to warrant a jury instruction on the lesser-included offense of robbery. The court explained that Mercouri offered no other theoretical way that his attorney could have created a rational inference that there was no gun other than his own testimony; when Mercouri was asked directly if he wanted to testify, he responded that he did not. The court denied relief on his third claim that a juror-who expressed reservations during voir dire about a defendant who did not testify on his own behalf-should have been excused for cause. The court explained that although she (the juror) initially indicated she might have reservations, counsel pressed her further, and she stated on the record that she could be fair and afford the defendant the presumption of innocence and the right to remain silent. The court denied relief on Mercouri's final claim that his appellate counsel was ineffective in his direct appeal. Mercouri argued his counsel abandoned any and all other potentially meritorious issues and instead presented an argument "that was clearly not preserved for appeal." The court stated that Mercouri's speculation that there were other issues that could have been raised on appeal might be correct, but without identifying them specifically, the court could not apply the case law to them.
This timely appeal followed.
B. Standard of Review
We do not reverse the denial of postconviction relief unless the circuit court's findings are clearly erroneous. Vaughn v. State , 2017 Ark. App. 241, at 7, 519 S.W.3d 717, 721. A finding is clearly erroneous when, although there is evidence to support it, after reviewing the entire evidence, we are left with the definite and firm conviction that a mistake has been committed. Id. In making a determination on a claim of ineffective assistance of counsel, this court considers the totality of the evidence. Id.
Our standard of review also requires that we assess the effectiveness of counsel under the two-prong standard set forth by the Supreme Court of the United States in Strickland v. Washington , 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Vaughn , 2017 Ark. App. 241, at 7, 519 S.W.3d at 721. In asserting ineffective assistance of counsel under Strickland , the petitioner must first demonstrate that counsel's performance was deficient. Sartin v. State , 2012 Ark. 155, 400 S.W.3d 694. This requires a showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the petitioner by the Sixth Amendment. Id. The reviewing court must indulge in a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. Id. The defendant claiming ineffective assistance of counsel has the burden of overcoming that presumption by identifying the acts and omissions of counsel that when viewed from counsel's perspective at the time of trial, could not have been the result of reasonable professional judgment. Id.
*333 Second, the petitioner must show that the deficient performance prejudiced the defense, which requires a demonstration that counsel's errors were so serious as to deprive the petitioner of a fair trial. Vaughn , supra. This requires the petitioner to show that there is a reasonable probability that the fact-finder's decision would have been different absent counsel's errors. Id. A reasonable probability is a probability sufficient to undermine confidence in the outcome of the trial. Id.
Unless a petitioner makes both Strickland showings, it cannot be said that the conviction resulted from a breakdown in the adversarial process that renders the result unreliable. Id. We also recognize that "there is no reason for a court deciding an ineffective assistance claim ... to address both components of the inquiry if the defendant makes an insufficient showing on one." Anderson v. State , 2011 Ark. 488, at 3-4, 385 S.W.3d 783, 787 (quoting Strickland , 466 U.S. at 697, 104 S.Ct. 2052 ).
If the circuit court determines that the petitioner is entitled to no relief based on the petition, files, and records, then the petitioner is not entitled to an evidentiary hearing. Ark. R. Crim. P. 37.3(a). In such cases, the circuit court should provide sufficient written findings of fact to illustrate that the petitioner's claims are meritless. Boyd v. State , 2017 Ark. App. 592, at 11-12, 534 S.W.3d 732. Our review indicates that the petition, files, and records conclusively show that Mercouri is not entitled to postconviction relief. As such, we hold that the circuit court was not obligated to hold an evidentiary hearing before denying Mercouri's petition as wholly without merit.
C. Issues on Appeal
As a preliminary matter, we first address Mercouri's submission that this case should be governed by United States v. Cronic , 466 U.S. 648, 104 S.Ct. 2039, 80 L.Ed.2d 657 (1984), rather than Strickland . In Cronic , the Supreme Court held, "Only when surrounding circumstances justify a presumption of ineffectiveness can a Sixth Amendment claim be sufficient without inquiry into counsel's actual performance at trial." Id. at 667, 104 S.Ct. 2039. Mercouri only generally asserts that Cronic should apply and fails to establish what "surrounding circumstances" justify a presumption of ineffectiveness. We decline to follow this reasoning and evaluate this case under Strickland .
D. Coherent Defense
We now turn to Mercouri's first point on appeal that trial counsel had no coherent defense strategy and that "counsel basically did nothing." To support his claim, Mercouri relies on the following dialogue that took place after his directed verdict motion had been denied and after he requested a jury instruction on the lesser-included offense of robbery:
THE COURT : And what, what defense are you putting forth for Mr. Mercouri? That this event didn't happen at all or that it happened, and it's just a misunderstanding?
MR. LITTLEJOHN : Well, it was a-The
THE COURT : I'm not clear.
MR. LITTLEJOHN : -general denial, potentially a misunderstanding, and also we were trying to get back what was [Unintelligible] in there. So, those are the-
THE COURT : So, you're denying, your defense is you're denying the event happened?
MR. LITTLEJOHN : Yes. Well, denying that he had a gun or denying that the event happened as it's stated. I mean, there *334 may have been an event where he drives up and says can I have a word?
THE COURT : Well, and I understand what may, what may have happened, but at this point you've got to, you've got to go forward on some theory. All I've got before me is the State's witnesses and your questioning to those.
MR. LITTLEJOHN : Right.
THE COURT : And based on the questions you asked the witnesses, I'm not clear whether or not your argument is that this never happened at all or whether your argument is there was a discussion between the victim and the Defendant, and there was a misunderstanding about what that conversation was.
MR. LITTLEJOHN : Well, again, I would start by saying that it didn't happen at all, but if it did happen, it didn't happen the way that he says it happened.
THE COURT : All right.
MR. LITTLEJOHN : There wasn't a gun, and there wasn't.
THE COURT : I, I will show that your request for the lesser included is denied and that it is marked and proffered.
MR. LITTLEJOHN : Okay.
As he argued below to the circuit court in his Rule 37 petition, Mercouri alleges that this dialogue establishes that the circuit court itself could not determine what the defense was. Mercouri goes on to reason that if the circuit court was confused, then the jury likely did not understand.
However, in its order, the circuit court explained that this exchange was solely an inquiry regarding the requested jury instruction for the lesser-included offense of simple robbery and that trial counsel did present a defense of general denial. Matters of trial strategy and tactics, even if arguably improvident, fall within the realm of counsel's professional judgment and are not grounds for a finding of ineffective assistance of counsel. Anderson v. State , 2015 Ark. 18, at 8, 454 S.W.3d 212, 218. While a better strategy may seem apparent to Mercouri now, judicial review of trial counsel's performance is highly deferential, and Mercouri fails to offer evidence that counsel's approach was objectively unreasonable. Moreover, his contention that "counsel basically did nothing" fails because, as the circuit court explained in its order,
The Defendant's attorney presented an opening statement, subjected the State's witnesses to cross-examination, offered a Motion for Directed Verdict, attempted to influence the Court to instruct the jury on a lesser-included-offense, offered closing statements to the jury, and presented testimony on the Defendant's behalf in the sentencing phase of the trial.
Mercouri has unsuccessfully established how counsel's performance was deficient.
E. Jury Instructions
For his second point on appeal, Mercouri contends that trial counsel was ineffective for failing to present evidence sufficient to warrant a jury instruction on simple robbery under Ark. Code Ann. § 5-12-102 (Repl. 2013). He relies on his above argument that counsel presented no defense, so the circuit court had no choice but to deny counsel's request to offer the jury instruction. The circuit court held in its order that counsel was not ineffective because in Mercouri's petition he offered no other theoretical way that counsel could have created a rational inference that there was no gun. Mercouri's own testimony could have created a rational inference, but when the court asked him directly if he wished to testify, Mercouri said he did not. We agree with the circuit court's line of reasoning.
In Walden v. State , the Arkansas Supreme Court found that trial counsel was *335 not ineffective for failing to obtain a jury instruction on the lesser-included offense of simple robbery because there was conclusive evidence of aggravated robbery. 2016 Ark. 306, at 4, 498 S.W.3d 725, 729. The charge of aggravated robbery against Walden arose from an incident at a bank in which Walden handed a teller a bag with a note that said, "This is a robbery. I have a gun. Give me all your money," when in fact there was no gun. Id. at 3, 498 S.W.3d at 729. The court explained it did not need to reiterate the discussion that substantial evidence supported the verdict on appeal and instead focused on the fact that the appellant did not establish that there was a reasonable probability that the outcome of his trial would have been different had the lesser-included-offense instruction been given or that the court of appeals would have reversed the judgment had there been a proffer of the instruction. Id. at 4, 498 S.W.3d at 729.
Unlike Walden , counsel did proffer the instruction, but Mercouri fails to establish a reasonable probability that the outcome of his trial would have been different had the circuit court given the lesser-included-offense instruction. Mercouri focuses his argument on his contention that counsel failed to present any evidence and that he should have called Mercouri to testify on his own behalf to explain that either no gun had been used or that no threats had been made. However, Mercouri first fails to explain what other evidence counsel could have presented, and he fails to elucidate what specific testimony he would have given to provide a rational basis for the lesser-included-offense instruction had he been called a witness.
The Supreme Court of the United States has held that a criminal defendant has a right to testify on his or her own behalf if he or she chooses to do so. Rock v. Ark. , 483 U.S. 44, 107 S.Ct. 2704, 97 L.Ed.2d 37 (1987). Counsel may only advise the accused in making the decision. The supreme court has consistently held, however, that the mere fact that a defendant did not testify is not, in and of itself, a basis for postconviction relief. See, e.g. , Dansby v. State , 347 Ark. 674, 66 S.W.3d 585 (2002). Ordinarily, counsel's advice to the defendant not to testify is simply a matter of trial strategy. Walden , 2016 Ark. 306, at 5-6, 498 S.W.3d at 730. While it is clear that the right to testify is a fundamental right that may only be exercised by the defendant, neither this court nor the Supreme Court of the United States has held that a record must be made evincing a defendant's waiver of his or her right to testify and that failure of counsel to have his or her client make the declaration on the record does not constitute ineffective assistance of counsel. Id.
On the contrary, Mercouri was asked directly on the record whether he wished to testify, and he said no. He argues that counsel should have discussed with him that his testimony could make the difference between a conviction for aggravated robbery and simple robbery. However the record reflects that Mercouri potentially had prior convictions in California, which could have been used to impeach him had he testified. Counsel is allowed great leeway in making strategic and tactical decisions, particularly when deciding not to call a witness, and it is clear counsel did not want to risk putting Mercouri on the stand. See Williams v. State , 2016 Ark. 459, at 3, 504 S.W.3d 603, 605. Also, during cross-examination, trial counsel elicited testimony from the responding officer that no firearm was recovered. Thus, Mercouri fails to meet the first prong of Strickland that counsel lacked reasonable professional judgment. Counsel did the best he could with what he had.
*336 Moreover, as to Mercouri's contention that this case is unlike most aggravated-robbery cases, the allegation was essentially an assertion that the evidence was not sufficient to sustain the judgment that he committed an aggravated robbery. Rule 37.1, however, does not provide a means to challenge the sufficiency of the evidence merely because the petitioner has raised the challenge in the guise of an allegation of ineffective assistance of counsel. Walden, supra.
C. Removal of Juror
For his third point on appeal, Mercouri asserts that trial counsel was ineffective for failing to seek the excusal of juror Debra Delreal for cause. During voir dire, juror Delreal initially expressed reservations about a defendant who did not take the stand on his or her own behalf. Trial counsel inquired further, and this exchange followed:
MR. LITTLEJOHN : Okay. So, you, so you think-You think that just about anybody should be able to maintain their and prove their innocence despite the fact that Sean is a fabulous prosecutor?
MRS. DELREAL : In a way.
MR. LITTLEJOHN : Well, in what way? Let's, let's hear it.
MRS. DELREAL : Okay. There's always-
MR. LITTLEJOHN : Mrs. Delreal, right?
MRS. DELREAL : Yes.
MR. LITTLEJOHN : Okay.
MRS. DELREAL : There's always-I work at a school. I'm a paraprofessional. So, I hear stories all day long from children and adults, too, but there's-You just have that gut instinct that you have to go by, either looking in their eyes or what have you, that's gonna tell you whether or not they're telling the truth. I have a very good one cause I've dealt with children for so long and adults. So, and they're all special needs. So, I just-I go with my gut.
MR. LITTLEJOHN : Okay. So, your gut would find anyone who elected silence in the face of accusations of a crime, your gut would tell you that they're guilty?
MRS. DELREAL : No, not necessarily.
MR. LITTLEJOHN : Okay. Well, that's a little different than I guess what you were saying before which was-
MRS. DELREAL : Yes.
MR. LITTLEJOHN : You have to have both sides, or you would be-Are you gonna be inherently skeptical of someone that would remain silent, elects to remain silent?
MRS. DELREAL : No, not really.
MR. LITTLEJOHN : Are you still gonna-
MRS. DELREAL : I may have some questions.
MR. LITTLEJOHN : Well, yeah, and you probably will have some questions today. Again, I mean, as Sean pointed out, we're not gonna-
MRS. DELREAL : Right.
MR. LITTLEJOHN : -be able to answer all your, all your doubts, all your questions. There may be some that linger.
MRS. DELREAL : Yeah. I may have a question or two, but I think I can be fair.
In its order, the court held that Delreal stated on the record that she could be fair and afford the defendant the presumption of innocence. The circuit court thus found that Mercouri did not meet his burden of proving that the juror was actually biased against him. We agree.
This court will not label counsel ineffective merely because of possible bad tactics or strategy in selecting a jury. See Echols v. State , 354 Ark. 530, 127 S.W.3d 486 (2003). Jurors are presumed unbiased and qualified to serve. Id. To prevail on an allegation of ineffective assistance of counsel with regard to jury selection, *337 a petitioner first has the heavy burden of overcoming the presumption that jurors are unbiased. Howard v. State , 367 Ark. 18, 36-37, 238 S.W.3d 24, 39 (2006). To accomplish this, a petitioner must demonstrate actual bias, and the actual bias must have been sufficient to prejudice the petitioner to the degree that he or she was denied a fair trial. Id. Bare allegations of prejudice by counsel's conduct during voir dire that are unsupported by any showing of actual prejudice do not establish ineffective assistance of counsel. Id.
Mercouri points to Delreal's initial uncertainty regarding a defendant who does not testify. Indeed, defense counsel pressed the issue further, and Delreal admitted she could be impartial. Prospective jurors who state that they can lay aside prior impressions or opinions and render a verdict based on the evidence presented at trial are qualified to serve as jurors. Butler v. State , 2011 Ark. 435, 384 S.W.3d 526.
D. Direct Appeal
For his final point on appeal, Mercouri argues that his appellate counsel was ineffective in the direct appeal because he "abandoned any and all other potentially meritorious issues and presented a sufficiency-of-the-evidence argument that was clearly not preserved for appeal."
A petitioner who claims that appellate counsel was ineffective bears the burden of making a clear showing that counsel failed to raise some meritorious issue on appeal. State v. Rainer , 2014 Ark. 306, at 13, 440 S.W.3d 315, 323. Counsel's failure to raise a specific issue must have amounted to error of such magnitude that it rendered appellate counsel's performance constitutionally deficient under the Strickland criteria. The petitioner must show that there could have been a specific issue raised on appeal that would have resulted in the appellate court's declaring reversible error. Id. It is petitioner's responsibility to establish that the issue was raised at trial, that the circuit court erred in its ruling on the issue, and that an argument concerning the issue could have been raised on appeal to merit appellate relief. Frazier v. State , 2016 Ark. 55, at 8-9, 482 S.W.3d 305, 312. Here, Mercouri first argues that appellate counsel was ineffective for "winnowing out the stronger arguments and focusing on one that had absolutely no chance of success" on appeal. Such speculative allegations are not sufficient to establish a claim for relief under a theory that counsel was ineffective on direct appeal.
Additionally, Mercouri alleges that his appellate counsel was ineffective for failing to argue on appeal that the circuit court erred by not instructing the jury on the lesser-included offense of simple robbery. Unlike the previous contention, Mercouri argues that, at a minimum, this issue would have been preserved for appeal. He explains that there was a rational basis for the argument because the verdicts were inconsistent in that the jury found that he had not employed a firearm for purposes of the firearm enhancement but found him guilty of aggravated robbery, which requires a finding that he was armed with a deadly weapon. As previously mentioned, it is petitioner's responsibility to establish that "the issue was raised at trial, that the circuit court erred in its ruling on the issue, and that an argument concerning the issue could have been raised on appeal to merit appellate relief. " Rainer , 2014 Ark. 306, at 13, 440 S.W.3d at 323 (emphasis added). While the issue was preserved, Mercouri fails to convince us how he could have prevailed with this issue on appeal. The supreme court addressed this inconsistency argument in *338 the direct appeal. There, the court affirmed, explaining,
Although Mercouri is correct that the two verdicts appear inconsistent, it is well settled that a defendant may not attack his conviction on the basis of its repugnancy. Jordan v. State , 323 Ark. 628, 631, 917 S.W.2d 164, 165 (1996). "A jury may convict on some counts but not on others, and may convict in different degrees on some counts, because of compassion or compromise, and not solely because there was insufficient evidence of guilt." Id. The jury is free to exercise lenity if it believes that a conviction on one count would provide sufficient punishment.
Mercouri , 2016 Ark. 37, at 4, 480 S.W.3d at 867.
Mercouri fails to explain why this conclusion was wrong and how his argument would have had merit.
F. Conclusion
Under the circumstances, and considering the totality of the evidence as a court must do under Strickland , we cannot say that the trial court clearly erred in finding that Mercouri did not demonstrate ineffective assistance of counsel.
Affirmed.
Virden and Klappenbach, JJ., agree.

Mercouri was appointed new counsel on appeal.