MIKE MURPHY, Judge
Appellant James Pafford appeals from an order of the Hempstead County Circuit Court denying his petition for postconviction relief filed pursuant to Arkansas Rule of Criminal Procedure 37.1. For reversal, he contends that the circuit court erred by denying him an evidentiary hearing on his Rule 37 petition. We affirm.
I. Relevant History
We explained the incident that led to the underlying charges in Pafford v. State , 2017 Ark. App. 700, at 2, 537 S.W.3d 302, 305 :
Pafford sexually abused then twelve-year-old M.W. on two occasions in February 2015. Both encounters took place at Pafford's home. M.W. confided in his grandmother and a child-abuse-hotline call was made. Because M.W. lived primarily in the same home as Pafford, the call was of high priority and M.W. was immediately interviewed. From there, the investigation continued and was handed over to the state police. Pafford was charged with two counts of rape and two counts of sexual assault in the second degree. On February 9, 2016, the case proceeded to a jury trial.
A Hempstead County Circuit Court jury convicted Pafford of two counts of rape and two counts of second-degree sexual assault. He was sentenced to twenty-five years' imprisonment in the Arkansas Department of Correction on each rape conviction, to run consecutively to each other, and five years' imprisonment on each sexual-assault conviction, to run concurrently with the rape convictions. Pafford, supra. On direct appeal, Pafford argued four points: (1) jury misconduct prejudiced his chances for a fair trial; (2) the circuit court erred in allowing expert testimony concerning the truthfulness of the victim's statements; (3) the circuit court erred in allowing a photo of Pafford's erect penis into evidence; and (4) the circuit court erred in not granting his new trial based *737 on ineffective-assistance-of-counsel claims.[1] This court affirmed the convictions on December 13, 2017, and denied the petition for rehearing on January 31, 2018. Pafford sought review from the Arkansas Supreme Court, which was denied on March 29, 2018.
On May 25, 2018, Pafford filed a verified petition for postconviction relief pursuant to Arkansas Rule of Criminal Procedure 37.1. He raised one claim of ineffective assistance of counsel premised on counsel's failure to move to quash the selected jury and failure to move for a mistrial when the circuit court allegedly excluded Pafford's family from the courtroom during voir dire. Pafford argued that this deprived him of his constitutional right to a public trial. On July 16, 2018, without holding an evidentiary hearing, the circuit court denied Pafford's petition in a four-page order. The circuit court denied relief, finding that Pafford's petition did not comply with the formatting requirements as required by Rule 37.1 and that Pafford failed to state how he was prejudiced by the alleged error of his counsel. This timely appeal followed.
II. Standard of Review
We do not reverse the denial of postconviction relief unless the circuit court's findings are clearly erroneous. Vaughn v. State , 2017 Ark. App. 241, at 7, 519 S.W.3d 717, 721. A finding is clearly erroneous when, although there is evidence to support it, after reviewing the entire evidence, we are left with the definite and firm conviction that a mistake has been committed. Id. In making a determination on a claim of ineffective assistance of counsel, this court considers the totality of the evidence. Id.
Our standard of review also requires that we assess the effectiveness of counsel under the two-prong standard set forth by the Supreme Court of the United States in Strickland v. Washington , 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Id. In asserting ineffective assistance of counsel under Strickland , the petitioner must first demonstrate that counsel's performance was deficient. Sartin v. State , 2012 Ark. 155, 400 S.W.3d 694. This requires a showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the petitioner by the Sixth Amendment. Id. The reviewing court must indulge in a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. Id. The defendant claiming ineffective assistance of counsel has the burden of overcoming that presumption by identifying the acts and omissions of counsel which, when viewed from counsel's perspective at the time of trial, could not have been the result of reasonable professional judgment. Id.
Second, the petitioner must show that the deficient performance prejudiced the defense, which requires a demonstration that counsel's errors were so serious as to deprive the petitioner of a fair trial. Id. This requires the petitioner to show that there is a reasonable probability that the fact-finder's decision would have been different absent counsel's errors. Id. A reasonable probability is a probability sufficient to undermine confidence in the outcome of the trial. Id.
If the circuit court determines that the petitioner is entitled to no relief based on the petition, files, and records, then the petitioner is not entitled to an evidentiary hearing. Ark. R. Crim. P. 37.3(a). In such cases, the circuit court should provide sufficient *738 written findings of fact to illustrate that the petitioner's claims are meritless. Id. Our review indicates that the petition, files, and records conclusively show that Pafford is not entitled to postconviction relief. As such, we hold that the circuit court was not obligated to hold an evidentiary hearing before denying Pafford's petition as wholly without merit.
III. Analysis
The circuit court denied Pafford's petition for relief based on his assertion that excluding his family from the courtroom during voir dire deprived him of his constitutional right to a public trial.[2] In Pafford's Rule 37 petition, he argued that his trial counsel told his family members that they would not be allowed in the courtroom during voir dire. He claimed that the family understood that to be a directive from the circuit court and that counsel was ineffective for failing to object to the closure. However, he failed to support this assertion by attaching an affidavit or citing to the record. The circuit court responded to this claim by finding that it was not the circuit court's practice to close the courtroom, the record reflected that the court did not exclude the family, and the record further reflected the rule governing exclusion of witnesses from the courtroom was invoked only at the start of testimony. The circuit court also noted that Pafford failed to state how he was prejudiced by the alleged error.
The Supreme Court has explained that "when a defendant raises a public-trial violation via an ineffective-assistance-of-counsel claim, Strickland prejudice is not shown automatically. Instead, the burden is on the defendant to show either a reasonable probability of a different outcome in his or her case or ... to show that the particular public-trial violation was so serious as to render his or her trial fundamentally unfair." Weaver v. Massachusetts , --- U.S. ----, ----, 137 S.Ct. 1899, 1911, 198 L.Ed.2d 420 (2017).
Here, Pafford made the conclusory assertion that as a consequence of not receiving a public trial, his family was not privy to the responses of potential jurors. He fails to explain how the family members' inability to hear what potential jurors said undermined confidence in the outcome of the trial. Accordingly, Pafford's assertion is speculative and insufficient to meet the burden under Strickland .
For the reasons stated herein, we affirm the circuit court's denial of Pafford's petition for postconviction relief.
Affirmed.
Harrison and Whiteaker, JJ., agree.

Pafford's ineffective-assistance-of-counsel claims asserted in the direct appeal do not correspond or overlap with this postconviction appeal.

Because the court ruled on the merits of the petition, it may be assumed that the court tacitly granted appellant leave to proceed with a nonconforming petition. Rogers v. State , 2010 Ark. 46, at 2, 2010 WL 323002. Since the court has jurisdiction to consider a petition with more lines per page than allowed by the rule, the court had discretion to rule on the nonconforming petition. Id.