Ronald SATTERLEE *v.* STATE of Arkansas

CR 86-35                                      711 S.W.2d 827

Supreme Court of Arkansas
Opinion delivered July 7, 1986
[Rehearing denied September 15, 1986.]

*Appellant*, pro se.

*Steve Clark*, Att'y Gen., by: *Mary Beth Sudduth*, Asst. Att'y Gen., for appellee.

DAVID NEWBERN, Justice. ■ The appellant was convicted in a municipal court of driving a motor vehicle on a public highway without a driver's license. Ark. Stat. Ann. § 75-307 (Repl. 1979). He appealed the conviction, and it was affirmed by

the circuit court. In the appeal to this court, the appellant, appearing pro se, has stated thirty points for reversal. Some of the points are incomprehensible to us. Others are lacking in authority or convincing argument, and we will not consider them. *Dixon* v. *State*, 260 Ark. 857, 545 S.W.2d 606 (1977). From the appellant's argument, we have distilled two points with which we can deal. He argues (1) the statute is an unconstitutional intrusion upon his personal rights and (2) he was not properly proceeded against as there was no indictment or jury trial. We find merit in neither contention, and thus we affirm.

## 1. Constitutionality of the Statute

The state has the "police power" to promulgate regulations calculated to promote safety in the use of highways. *Hess* v. *Pawloski*, 274 U.S. 352 (1927). Driving a motor vehicle on a public highway is a privilege, and not an unrestrained, natural right, and the state may require a license of those who exercise the privilege. *Miami* v. *Aronowitz*, 114 So. 2d 784 (Fla. 1959); *Taylor* v. *State*, 209 S.W.2d 191 (Tex. 1948); *Cincinnati* v. *Wright*, 67 N.E.2d 358 (Ohio 1945).

## 2. Propriety of Proceedings

The record shows that the appellant was to have a trial by jury but refused to accept a jury which would be limited to determining the facts as opposed to the law and the facts. He thus waived his right to be tried by a jury.

No grand jury action, indictment, or information was necessary. Driving without a license, as charged in this case, is a misdemeanor. Ark. Stat. Ann. § 75-346 (Repl. 1979). A misdemeanor may be charged by a citation as occurred here. *Lowell* v. *State*, 283 Ark. 425, 678 S.W.2d 318 (1984).

Affirmed.

HICKMAN, J., would affirm under Rule 9 of Rules of the Arkansas Supreme Court and Court of Appeals.