Honorable W. Kent Ingram, Jr. Senator P.O. box 369 West Memphis, AR 72301
Dear Senator Ingram:
I have received your request for an Attorney General's opinion concerning the extent of the State Insurance Department's authority to implement a vehicle safety program. I have reviewed the material provided and will answer your question of:
 Whether the State Insurance Department has the right to require this type of information?
The State Insurance Department — Risk Management Office has established a vehicle safety program with the purpose, as stated therein, of reducing costs associated with vehicle operations such as insurance, loss of property, injury, and loss of employee work time. The program requests all passengers in state vehicle use seat belts, every driver of a personal vehicle used on state business to maintain liability insurance on their vehicle, and employees, that use state automobiles, release their traffic violations record as maintained by the Department of Finance and Administration — Office of Driver Services. The traffic violations report will be utilized in a point system to identify employees who may possible be high-risk drivers.
The Risk Management Act [Act 272 of 1981, A.C.A. 23-61-602 (Supp. 1987)] (copy attached) created the Risk Management Office within the State Insurance Department. The legislative purpose of this act is to reduce the cost to the state of insurance coverage and for the Risk Management Office to analyze and make recommendations as to cost effective loss control and safety programs for the various state agencies. A.C.A. 23-61-602 (Supp. 1987). The act established a Risk Manager, appointed by the State Insurance Commissioner, with the authority to develop and promote programs to control losses and encourage safety. A.C.A. 23-61-605(e) (Supp. 1987). The act also gave authority to the Risk Manager to promulgate rules and regulations consistent with the act. A.C.A.23-61-607 (Supp. 1987).
It is my opinion that the vehicle safety program as described hereinabove is within the legislative grant of authority given the Risk Manager by the Risk Management Act. The Arkansas Insurance Department has been delegated the legal authority to promulgate rules and regulations to administer this program to control losses and encourage safety as allowed by the Act.
You did comment on the possibility that some of the questions might be an invasion of personal privacy. The United States Supreme Court has held that the right to privacy guaranteed by theFourteenth Amendment of the United States Constitution includes only personal rights that can be deemed "fundamental" or "implicit in the concept of ordered liberty." Roe v. Wade, 410 U.S. 113,93 S.Ct. 705 (1973). I find no authority that holds driving records of a state employee to be a fundamental fight that is embodied in the right to privacy upheld by the courts. In fact, since in Arkansas driving a motor vehicle on a public highway is considered a privilege and not a personal right and subject to licensing requirements, Satterlee v. State, 289 Ark. 450, 711 S.W.2d 827
(1986), I would find it highly unlikely that a person's driving records would rise to a level protected by the right to privacy doctrine.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Paul L. Cherry.