SLIP OPINION

Cite as 2017 Ark. 130

# SUPREME COURT OF ARKANSAS.

No. CV-16-1060

| | |
|---|---|
| KHALID RYAHIM ALEXANDER<br>APPELLANT<br><br>V.<br><br>WENDY KELLEY, DIRECTOR<br>ARKANSAS DEPARTMENT OF<br>CORRECTION<br>APPELLEE | Opinion Delivered April 13, 2017<br><br>PRO SE MOTIONS OBJECTING TO<br>SCHEDULING ORDER AND FOR<br>RELIEF FROM JUDGMENT<br>[JEFFERSON COUNTY CIRCUIT<br>COURT, NO. 35CV-16-488]<br><br>HONORABLE, JODI RAINES<br>DENNIS, JUDGE<br><br>APPEAL DISMISSED; MOTIONS<br>MOOT. |

## PER CURIAM

Appellant Khalid Ryahim Alexander, who is also known as Charles Alexander, filed a pro se petition for a writ of habeas corpus pursuant to Arkansas Code Annotated sections 16-112-101 to -123 (Repl. 2016) in the county where he is incarcerated. The petition was denied by the circuit court. Alexander lodged this appeal and subsequently filed two motions. The first motion objects to the scheduling order assigning a due date for Alexander's brief, and the second motion appears to seek permission to file a noncompliant brief and to have his brief duplicated at public expense.

An appeal from an order that denied a petition for postconviction relief will not be permitted to go forward where it is clear that the appellant could not prevail. *Crawford v. Cashion*, 2010 Ark. 124, at 2, 361 S.W.3d 268, 270 (per curiam). Because it is clear that Alexander cannot prevail on appeal, we dismiss the appeal, and his motions are therefore moot.

Alexander was convicted by a jury of first-degree murder in the shooting death of Marquis Brown, and he was sentenced as a habitual offender to life in prison without the possibility of parole. This court affirmed. *Alexander v. State*, 335 Ark. 131, 983 S.W.2d 110 (1998).

Thereafter, Alexander filed multiple pro se petitions for postconviction relief, including a pro se petition for a writ of habeas corpus filed in 2004, which was the first of three pro se habeas petitions filed prior to the one filed in the matter at hand. We affirmed the circuit court's denial of the first petition. *Alexander/Ryahim v. Norris*, CV-04-1303 (Ark. June 25, 2005) (unpublished per curiam). In his fourth pro se petition for a writ of habeas corpus, Alexander asked the circuit court to reconsider allegations set forth in his 2004 pro se petition in light of a recent United States Supreme Court decision—*Montgomery v. Louisiana*, __ U.S. __, 136 S. Ct. 718 (2016).[1] Alexander also maintained that he was entitled to reconsideration of claims raised in his 2004 habeas petition based on the discovery of new evidence.

Alexander attached to his habeas petition numerous handwritten pages that purport to be affidavits in support of his petition. The facts and grounds alleged in these affidavits are largely indecipherable and reference, among other things, $15 million, parole hearings, Federal Admiralty Law, domestic and diplomatic partnerships, and Washington D.C.

---

[1] In *Montgomery*, the United States Supreme Court held that the rule it had announced in *Miller v. Alabama*, 567 U.S. 460 (2012), which prohibited the mandatory imposition of life without parole on juvenile offenders under the age of eighteen, was substantive and should be applied retroactively. ___U.S. at __, 136 S. Ct. at 736.

extradition hearings. One of these affidavits purports to describe the discovery of new evidence pertaining to an alleged bench warrant that had formed the basis of a claim for relief asserted in Alexander's 2004 petition for a writ of habeas corpus. Alexander contended in his 2004 petition that the trial court lacked jurisdiction to enter a verdict convicting him of first-degree murder because he had previously been indicted for second-degree murder on a bench warrant that had been allegedly filed under a separate case number (40CR-97-1299), rather than the case number under which he had been charged, tried, and convicted (40CR-97-1450). We rejected this claim and found that any alleged prior filing of a felony information or bench warrant under a separate case number did not invalidate the properly filed information, or the judgment-and-commitment order entered in the case at issue. *Alexander/Ryahim*, CV-04-1303, at 2. Alexander's confusing account of the events surrounding the alleged discovery of new evidence did not provide sufficient grounds for reconsideration of the claim.

Alexander also submitted with his petition copies of partial trial transcripts; a copy of the decision in *Montgomery*, __ U.S. __, 136 S. Ct. 718; a copy of a legislative act entitled "Arkansas Rehabilitation Act for Incarcerated Individuals;" and copies of documents related to grievances filed by Alexander with the Arkansas Department of Correction. The circuit court noted that the hundreds of documents submitted by Alexander in support of his petition were "difficult to read," and it denied relief because Alexander's allegations and the attached documents did not raise sufficient grounds or offer any evidence to establish probable cause that he is being held illegally, that the trial court lacked jurisdiction, or that the commitment is invalid on its face.

A circuit court's denial of habeas relief will not be reversed unless the court's findings are clearly erroneous. *Gardner v. Hobbs*, 2014 Ark. 346, at 2, 439 S.W.3d 663, 665 (per curiam). A finding is clearly erroneous when, although there is evidence to support it, the appellate court, after reviewing the entire evidence, is left with the definite and firm conviction that a mistake has been committed. *Id.* Under our habeas statute, a petitioner must plead either the facial invalidity of the order of conviction or the lack of jurisdiction by the trial court and must additionally make a showing either by affidavit or other evidence of probable cause to believe that he is being illegally detained. *Id.* at 3, 439 S.W.3d at 665–66. In habeas proceedings, the court's inquiry into the validity of the judgment is limited to the face of the commitment order. *Id.*

The only allegation contained in Alexander's petition that was comprehensible and relevant as grounds for habeas relief was his allegation that the holding in *Montgomery*, ___ U.S. at ___, 136 S. Ct. 718, had rendered his life sentence invalid. That decision of the United States Supreme Court addressed sentencing juveniles who were under the age of eighteen when the crime was committed. *Id.* at 732–33. Alexander's judgment of conviction demonstrated that Alexander was born on October 6, 1978, and was eighteen on January 9, 1997, when he committed the crime for which he was sentenced to life imprisonment. Moreover, Alexander had been convicted of first-degree murder, not capital murder, and his sentence was not mandatorily imposed. *See Miller*, 567 U.S. at ___, 132 S.Ct. at 2469 (explaining that the Court was not foreclosing the imposition of a life sentence for juvenile offenders, but that mandatorily imposed life sentences were prohibited as a violation of the Eighth Amendment of United States Constitution).

As stated, the allegations set out in Alexander's handwritten affidavits were incomprehensible, or, at best, conclusory, and the documents attached to his petition were irrelevant in habeas proceedings. Alexander did not provide sufficient allegations, evidence, or authority to demonstrate that the judgment of conviction or the sentence is facially invalid or that the trial court lacked subject-matter jurisdiction. Arguments and allegations that are incomprehensible and are lacking in authority or convincing argument will not be considered by this court. *Satterlee v. State*, 289 Ark. 450, 451, 711 S.W.2d 827, 828 (1986). This court will not research or develop the argument for an appellant. *Gardner v. Hobbs*, 2015 Ark. 410, at 3–4 (per curiam). The circuit court did not clearly err when it determined that Alexander had failed to state grounds demonstrating probable cause that he is being illegally detained.

Appeal dismissed; motions moot.