Cite as 2020 Ark. 123

# SUPREME COURT OF ARKANSAS

No. CV-19-738

| | |
|---|---|
| LUTHER X. HALL<br><br>APPELLANT<br><br>V.<br><br>WENDY KELLEY, DIRECTOR, ARKANSAS DEPARTMENT OF CORRECTION<br><br>APPELLEE | **Opinion Delivered:** March 19, 2020<br><br>PRO SE APPEAL FROM THE JEFFERSON COUNTY CIRCUIT COURT<br>[NO. 35CV-19-313]<br><br>HONORABLE JODI RAINES DENNIS, JUDGE<br><br><u>AFFIRMED</u>. |

**SHAWN A. WOMACK, Associate Justice**

Luther X. Hall appeals from the denial and dismissal of his pro se petition for writ of habeas corpus filed pursuant to Arkansas Code Annotated section 16-112-101 (Repl. 2016) in the county where Hall is incarcerated. Because Hall stated no ground in the petition on which the writ could issue under Arkansas law, we affirm the circuit court's order.

Hall was convicted by a jury of two counts of capital murder. He was also convicted of one count of second-degree murder in a separate trial. He was sentenced to life imprisonment without parole on the capital-murder charges and to a term of 360 months' imprisonment for the second-degree murder conviction. The cases were consolidated on appeal, and we affirmed. *Hall v. State*, 276 Ark. 245, 634 S.W.2d 115 (1982). At the time of his conviction for capital murder in June 1981, the trial court signed and filed the judgment that sentenced the defendant to life imprisonment without parole, and a commitment order was issued by the clerk of the court to the Arkansas Department of Correction.

In his petition for writ of habeas corpus, Hall alleged that the judgment of conviction for capital murder was void because the judgment was signed by the presiding judge over thirty days after his conviction was handed down by the jury and because the presiding judge had not signed the commitment order issued by the clerk to the Department of Correction. The circuit court denied the petition, concluding that Hall had not presented sufficient evidence to provide probable cause to believe that he was detained without lawful authority.

A circuit court's decision on a petition for writ of habeas corpus will be upheld unless it is clearly erroneous. *Hobbs v. Gordon*, 2014 Ark. 225, 434 S.W.3d 364. A decision is clearly erroneous when, although there is evidence to support it, the appellate court, after reviewing the entire evidence, is left with the definite and firm conviction that a mistake has been made. *Id.*

A writ of habeas corpus is proper when a judgment and commitment order is invalid on its face or when a circuit court lacks jurisdiction over the cause. *Foreman v. State*, 2019 Ark. 108, 571 S.W.3d 484. Jurisdiction is the power of the court to hear and determine the subject matter in controversy. *Baker v. Norris*, 369 Ark. 405, 255 S.W.3d 466 (2007). When the circuit court has personal jurisdiction over the appellant and also has jurisdiction over the subject matter, the court has authority to render the judgment. *Johnson v. State*, 298 Ark. 479, 769 S.W.2d 3 (1989).

Under our statute, a petitioner for the writ who does not allege his actual innocence and proceed under Act 1780 of 2001 must plead either the facial invalidity of the judgment or the lack of jurisdiction by the trial court and make a showing by affidavit or other evidence of probable cause to believe that he or she is illegally detained. Ark. Code Ann.

§ 16-112-103(a)(1) (Repl. 2016). Proceedings for the writ are not intended to require an extensive review of the record of the trial proceedings, and the circuit court's inquiry into the validity of the judgment is limited to the face of the judgment. *McArthur v. State*, 2019 Ark. 220, 577 S.W.3d 385. Unless the petitioner can show that the trial court lacked jurisdiction or that the judgment was invalid on its face, there is no basis for a finding that a writ of habeas corpus should issue. *Fields v. Hobbs*, 2013 Ark. 416.

Hall reiterates on appeal the allegations raised in his habeas petition and contends that the circuit court erred by rejecting his claims that the judgment is void due to the unsigned commitment order and the delay between the date of his conviction and the date the judgment was signed and filed. Hall argues that Arkansas Statutes Annotated section 22-317 (Repl. 1962) mandated that all orders from a circuit court "shall" be signed and "shall become effective when entered of record in the county where such action was filed." Hall asserts that under this statute, the trial court was required to sign the commitment order. Hall further contends that under Arkansas Supreme Court Administrative Order No. 2(b)(2), a judgment or decree is entered when it is filed "irrespective of when it is recorded in the judgment record book." According to Hall, because the commitment order was not signed by the trial judge and did not bear a file mark, it is void under section 22-317 of the Arkansas Statutes and Administrative Order No. 2, which, according to Hall, voided the judgment as well. The allegations cited above fail to state a claim for issuance of the writ. Section 22-317 of the Arkansas Statutes pertains to orders entered by circuit courts either by consent of the parties or after a nonjury trial when the court takes the matter under advisement after the

3

regular term of court has expired. This is made clear by Arkansas Statutes Annotated section 22-318 (Repl. 1962):

> The purpose of this Act [§§ 22-314–22-318] is to better facilitate the disposition of court matters where the services of a jury are not required, and to expedite by consent of interested parties and counsel legal matters and actions which otherwise would be delayed until the regular convening of a term of court to save the costs of the same.

In view of the Act's stated purpose, section 22-317 of the Arkansas Statutes does not apply to an order of commitment issued in conjunction with a judgment of conviction that was entered following a trial by jury. Furthermore, Hall was convicted in 1981, and Administrative Order Number 2, which contains the language relied on by Hall, was not in effect until 1999. *See In re Administrative Order No. 2*, 338 Ark. App'x 812 (1999). Finally, the same issue was raised and rejected in an appeal from the denial of a habeas petition in which this court found that there is no statutory requirement that the trial judge sign a commitment order. *Henderson v. White*, 2011 Ark. 361 (per curiam).

Hall further contended that the judgment is void because it was entered over thirty days after his conviction. At the time of his capital-murder conviction, Arkansas Statutes Annotated section 43-2301 (Repl. 1977) and Arkansas Rule of Criminal Procedure 36.4 provided that a judgment of the court may be postponed to a date not more than thirty days after a trial and conviction. This second claim for relief likewise fails to establish grounds for issuance of the writ. The written judgment was signed and entered "then as now," or nunc pro tunc, over thirty days after the jury returned its verdict. This court has concluded that entry of a judgment after thirty days has elapsed does not void the judgment because neither the controlling statute nor Rule 36.4 is mandatory as the statute and the rule specify that a

4

judgment "may" be postponed and because the nunc pro tunc entry of judgments has long been the practice in Arkansas. *Hoke v. State*, 270 Ark. 134, 603 S.W.2d 412 (1980).

Hall also claims that the failure to sign the commitment order and the delay in signing the judgment violated his right to due process and equal protection. Assertions of trial error and due-process violations do not implicate the facial validity of a trial court's judgment or jurisdiction and are not cognizable in habeas proceedings. *Rea v. Kelley*, 2019 Ark. 339, 588 S.W.3d 715. Hall's equal-protection claim is likewise an assertion of trial error that is not cognizable in habeas proceedings. *See Collier v. Kelley*, 2018 Ark. 170.

Finally, Hall asserts that the circuit court erred when it failed to conduct a hearing on his habeas petition or to make sufficient findings in the order denying it. A hearing is not required if the petition does not allege either of the bases of relief cognizable in a habeas proceeding. *Philyaw v. Kelley*, 2015 Ark. 465, 477 S.W.3d 503. Hall's argument that the circuit court failed to make sufficient findings is also unavailing. Pursuant to Rule 37.3 of the Arkansas Rules of Criminal Procedure, the circuit court "shall make written findings to that effect, specifying any part of the files, or records that are relied upon to sustain the court's findings," and the failure to do so is reversible error except in cases where it can be determined from the record that the petition is wholly without merit. *Henington v. State*, 2012 Ark. 181, 403 S.W.3d 55. It is clear from the record and from the allegations contained in Hall's petition that his request for habeas relief was clearly without merit.

Affirmed.

HART, J., concurs.

**JOSEPHINE LINKER HART, Justice, concurring.** Had the trial court—and the majority—properly applied the Arkansas habeas statute, I would have readily agreed that Mr. Hall was not entitled to habeas relief. However, the very case law that the majority purports to rely on paints this court into a corner that it can escape from only by declaring that the corner does not exist. I therefore must write separately to concur.

The majority contends that "a writ of habeas corpus is *proper* when a judgment and commitment order is invalid on its face or when a circuit court lacks jurisdiction over the cause." (Emphasis added.) The concept embodied in the majority's use of "proper" is nebulous at best. Certainly, it cannot mean that it is not permissible for a petitioner to *seek* the writ unless his or her judgment and commitment order is invalid on its face or the circuit court that presided over his or her case lacked jurisdiction. The Arkansas habeas statute contemplates a much broader range of circumstances; in pertinent part it states:

> The writ of habeas corpus shall be granted forthwith by any of the officers enumerated in § 16-112-102(a) to any person who shall apply for the writ by petition showing, by affidavit or other evidence, probable cause to believe he or she is detained without lawful authority, is imprisoned when by law he or she is entitled to bail, or who has alleged actual innocence of the offense or offenses for which the person was convicted.

Ark. Code Ann. § 16-112-103(a)(1) (Repl. 2016). Perhaps the majority has conflated the concept of the circumstances under which a writ may be granted—upon a showing of probable cause that the petitioner has been detained without lawful authority—with the prevailing on the merits resulting in the petitioner's discharge from custody. Granting the writ only provides the petitioner with a hearing on his or her petition.

A different statutory section governs discharge pursuant to a writ of habeas corpus.

Arkansas Code Annotated section § 16-112-118 provides:

(a) No person shall be discharged under the provisions of this act:

(1) Who is in custody or held by virtue of any legal engagement or enlistment in the United States Army or the United States Navy;

(2) Who, being subject to the rules and articles of war, is confined by anyone legally acting under the authority thereof;

(3) Who is held as a prisoner of war under the authority of the United States; or

(4) Who is in custody for any treason, felony, or other high misdemeanor committed in any other state or territory and who, by the United States Constitution and laws of the United States, ought to be delivered up to the legal authorities of the state or territory.

(b)(1) If it appears that the prisoner is in custody by virtue of process from any court legally constituted or issued by any officer in the exercise of judicial proceedings before him or her, the prisoner can only be discharged in one (1) of the following cases:

(A) Where the jurisdiction of the court or officer has been exceeded, either as to matter, place, sum, or person;

(B) Where, though the original imprisonment was lawful, yet, by some act, omission, or event which has taken place afterward, the party has become entitled to his or her discharge;

(C) Where the process is defective in some matter or substance required by law, rendering the process void;

(D) Where the process, though in proper form, has been issued in a case, or under circumstances, not authorized by law;

(E) Where the process, though in proper form, has been issued or executed by a person who is not authorized to issue or execute the process, or where the person having the custody of the prisoner, under the process, is not the person empowered by law to detain him or her; or

(F) Where the process is not authorized by any judgment, order, decree, or by any provision of law.

(2) No court under this act shall in any other matter have power to inquire into the legality or justice of the process, judgment, decree, or order of any court, legally constituted, nor into the justice or propriety of any commitment for contempt made by any court, officer, or body corporate, according to law, and plainly charged in the commitment, as provided in this act.

(c) No person imprisoned on an indictment, found in any court of competent jurisdiction, or by virtue of any process or commitment to enforce an indictment, can be discharged under the provisions of this act. However, if the offense is bailable, he or she may be let to bail, and if the offense is not bailable, he or she shall be remanded forthwith.

(d) Where the imprisonment is for any criminal or supposed criminal matter, the court or judge before whom the prisoner shall be brought, under the provisions of this act, shall not discharge him or her for informality, insufficiency, or irregularity of the commitment. However, if from the examination taken and certified by the committing magistrate, or other evidence, it appears that there is sufficient legal cause for commitment, he or she shall proceed to take bail, if the offense is bailable and sufficient bail is offered, and if not, he or she shall recommit the prisoner to jail.

Conflating the concepts of pleading unlawful detention with two of the six specifically enumerated justifications for discharge of a petitioner listed in section 16–112–118 has resulted in a body of law concerning state habeas that is neither coherent not just.

I have regularly decried this court's use of the boilerplate language concerning when a writ of habeas corpus is "proper." However, in the case before us, Mr. Hall has succeeded. This case represents one of the extraordinarily rare instances in which it can be said that the judgment and commitment order is "invalid on its face." More accurately, in this case, Mr. Hall argues that the commitment order—a separate document at the time of Mr. Hall's trial——was invalid because it was not signed by a judge, and the judgment was invalid because it

was not timely filed. While it does not entitle Mr. Hall to discharge, it does show the folly of the majority's resort to the inherently wrong concept of what our habeas statute requires.

Pursuant to our appellate review of this case, in my view, the circuit court correctly declined to *discharge* Mr. Hall. This decision was correct, not because Mr. Hall's paperwork was in order but because he was detained due to lawful process—a full jury trial, which this court affirmed. *Hall v. State*, 276 Ark. 245, 634 S.W.2d 115 (1982).

I concur.

*Luther X. Hall*, pro se appellant.

*Leslie Rutledge*, Att'y Gen., by: *Michael Zangari*, Ass't Att'y Gen., for appellee.