Cite as 2021 Ark. 197

# SUPREME COURT OF ARKANSAS

No. CV-21-168

|  |  |  |
|---|---|---|
| ZAYZHON THOMPSON | | Opinion Delivered: October 28, 2021 |
| | APPELLANT | |
| | | PRO SE APPEAL FROM THE LINCOLN COUNTY CIRCUIT COURT |
| V. | | [NO. 40CV-20-143] |
| | | |
| DEXTER PAYNE, DIRECTOR, ARKANSAS DEPARTMENT OF CORRECTION | | HONORABLE JODI RAINES DENNIS, JUDGE |
| | APPELLEE | AFFIRMED. |

**ROBIN F. WYNNE, Associate Justice**

Appellant Zayzhon Thompson appeals the dismissal of his pro se petition for writ of habeas corpus filed pursuant to Arkansas Code Annotated section 16-112-101 (Repl. 2016) in the Lincoln County Circuit Court, which is in the county where he is incarcerated. Thompson contended in the habeas petition that his judgment of conviction is void because the trial judge failed to sign the sentencing order in violation of Arkansas Supreme Court Administrative Order No. 8. The circuit court dismissed his claim for habeas relief, finding that Thompson's sentencing order was electronically signed and filed in compliance with Administrative Order No. 21. We affirm.

## I. *Background*

A Pulaski County jury convicted Thompson and his codefendant, Tearbrey Anderson, of six felony offenses consisting of two counts of aggravated residential burglary,

one count of aggravated robbery, one count of theft of property, two counts of terroristic threatening, and six counts of the firearm enhancement. *See* Arkansas Code Annotated section 16-90-120 (Repl. 2011). Thompson's sentences for each count were imposed to run concurrently for an aggregate term of 240 months' imprisonment.[1] The Arkansas Court of Appeals affirmed. *Anderson v. State*, 2017 Ark. App. 300.

## II. *Grounds for Issuance of the Writ*

A writ of habeas corpus is proper when a judgment and commitment order is invalid on its face or when a circuit court lacks jurisdiction over the cause. *Finney v. Kelley*, 2020 Ark. 145, 598 S.W.3d 26. Jurisdiction is the power of the court to hear and determine the subject matter in controversy. *Id.* When the circuit court has personal jurisdiction over the appellant and also has jurisdiction over the subject matter, the court has authority to render the judgment. *Id.*

A petitioner for the writ who does not allege his or her actual innocence and proceed under Act 1780 of 2001 must plead either the facial invalidity of the judgment or the circuit court's lack of jurisdiction and make a showing, by affidavit or other evidence, of probable cause to believe that he or she is being illegally detained. *Id.* (citing Ark. Code Ann. § 16-112-103(a)(1) (Repl. 2016)). Proceedings for the writ do not require an extensive review of the record of the trial proceedings, and the circuit court's inquiry into the validity of the

---

[1]The sentencing order reflects that the firearm-enhancement sentences were imposed to run consecutively to the sentences for each underlying felony count, but the aggregate sentences for the separate felony counts plus the firearm enhancements were imposed to run concurrently.

judgment is limited to the face of the commitment order. *Id.* Unless the petitioner can show that the circuit court lacked jurisdiction or that the commitment order was invalid on its face, there is no basis for a finding that a writ of habeas corpus should issue. *Id.* In habeas proceedings, an illegal sentence is one that exceeds the statutory maximum sentence. *See Hobbs v. Turner*, 2014 Ark. 19, 431 S.W.3d 283.

### III. *Standard of Review*

A circuit court's decision on a petition for writ of habeas corpus will be upheld unless it is clearly erroneous. *Hobbs v. Gordon*, 2014 Ark. 225, 434 S.W.3d 364. A decision is clearly erroneous when, although there is evidence to support it, the appellate court, after reviewing the entire evidence, is left with the definite and firm conviction that a mistake has been made. *Id.*

### IV. *Claims for Relief*

In the petition filed in the circuit court and in his argument on appeal, Thompson claims that the sentencing order is invalid because the order does not bear the signature of the trial judge. The circuit court found that Thompson's sentencing order was properly signed and filed by the trial judge in compliance with Administrative Order No. 21, which outlines the procedures for electronic filing. On appeal, Thompson argues that the trial judge failed to follow the proper procedures for electronic signing and filing under Administrative Order No. 21. However, Thompson argued below that the trial judge had failed to follow the procedures outlined in Administrative Order No. 8, and Thompson did not raise issues regarding the procedures required under Administrative Order No. 21. An appellant is

limited to the scope and nature of his arguments below and cannot raise new arguments on appeal. *Rayburn v. State*, 2021 Ark. 98, 622 S.W.3d 155. In any event, a failure to sign a commitment order does not implicate the facial validity of either a trial court's judgment or its jurisdiction and instead constitutes an assertion of trial error that is not cognizable in habeas proceedings. *Hall v. Kelley*, 2020 Ark. 123, 596 S.W.3d 1.

Affirmed.

*Zayzhon Thompson*, pro se appellant.

*Leslie Rutledge*, Att'y Gen., by: *Kent Holt*, Ass't Att'y Gen., for appellee.