Cite as 2023 Ark. App. 529

# ARKANSAS COURT OF APPEALS
DIVISION II
No. CR-23-177

| | | |
|---|---|---|
| ZAYZHON THOMPSON | | **Opinion Delivered** November 15, 2023 |
| | APPELLANT | APPEAL FROM THE LINCOLN COUNTY CIRCUIT COURT [NO. 40CR-21-39] |
| V. | | |
| STATE OF ARKANSAS | | HONORABLE JODI RAINES DENNIS, JUDGE |
| | APPELLEE | AFFIRMED |

## RITA W. GRUBER, Judge

A Lincoln County jury convicted appellant Zayzhon Thompson of possessing a prohibited article while in the custody of the Arkansas Department of Correction (ADC) in violation Arkansas Code Annotated section 5-54-119 (Supp. 2019) and sentenced him to 120 months' imprisonment. In this pro se appeal, he argues that his conviction should be reversed because the circuit court erred by not granting his pro se motion asserting a lack of jurisdiction. We affirm.

On January 31, 2021, appellant was incarcerated in the ADC for aggravated burglary, aggravated robbery, theft of property, and terroristic threatening. *See Anderson (and Thompson) v. State*, 2017 Ark. App. 300 (affirming on direct appeal); *see also Thompson v. Payne*, 2021

Ark. 197 (affirming denial of habeas relief).[1] Correctional officers received information that appellant was in possession of a cell phone and initiated a targeted search of appellant's cell. Appellant and his cellmate, Lemuel Whiteside, were ordered to submit to hand restraints, which they repeatedly refused. The officers saw Whiteside hand the cell phone to appellant, who then attempted to flush it down the toilet. Appellant retrieved the cell phone from the toilet and attempted to break it on the trap door of the prison cell. Ultimately, appellant threw the cell phone outside the prison cell, and the men submitted to the hand restraints. A search of the prison cell revealed a cell-phone charger inside a sock that was on the rack assigned to appellant.

On May 5, the State filed a felony information charging appellant with knowingly furnishing, possessing, or using prohibited articles in violation of Arkansas Code Annotated section 5-54-119. The information provided that appellant, being an inmate of a correctional facility or in the custody of a correctional facility, knowingly possessed a prohibited article, specifically, a cell phone. The State also alleged that appellant was a habitual offender, having previously been convicted of four or more felonies. Appellant, despite being represented by the public defender's office, personally filed numerous documents, including (1) a June 13, 2022 filing seeking to "waive [his] rights to have assistance of counsel" and to "handle this matter pro se"; (2) a June 21, 2022 filing informing the circuit court of his "intent to settle"

---

[1]In the habeas case, appellant argued that the judgment of conviction was void because the sentencing order was not signed by the judge. The circuit court dismissed the claim because the sentencing order was signed electronically and filed in compliance with Administrative Order No. 21.

and providing a proposed "private settlement agreement"; (3) an August 19, 2022 filing seeking discovery; and (4) an August 19, 2022 filing asserting that he had never seen "a bond to any claim of the original party in any case of the State of Arkansas v. Zayzhon Thompson" and that the State "should show probable cause for detaining and charging" him and purporting to assert a counterclaim.

As a result of appellant's filing his motion to represent himself, the public defender filed a motion to be relieved. At a September 21, 2022 hearing, the circuit court determined that appellant could represent himself, and appellant's waiver-of-counsel forms were filed October 4. Thereafter, appellant filed additional documents, which included an October 28 request for discovery and a December 1 motion for an omnibus hearing. On December 12, the circuit court entered an order requiring the State to provide discovery to the ADC and requiring the ADC to allow appellant access to the discovery to prepare for trial in a meaningful way.

A jury trial was held on January 24, 2023. Prior to the outset of trial, the court allowed appellant the opportunity to address the documents that he had filed. The court noted that it had granted appellant's request to proceed pro se and ordered the ADC to allow him to review the discovery provided by the State. Appellant argued that the State did not have jurisdiction "to hold or charge him." He suggested that the State lacked probable cause to arrest him in the case in which he was previously convicted and for which he was incarcerated.  When the court asked appellant if he was challenging the jurisdiction of the court, he replied yes. He further argued that because he was being "held illegally," he could

not be charged with possessing a prohibited article. The court characterized appellant's motion as one to dismiss the case on the ground that the court or the State was without jurisdiction.

After a lengthy colloquy between appellant and the court, the court stated, "I'm going to make a ruling for you, so you will have it on the record. Your challenge to my jurisdiction or the State's jurisdiction, based on the fact that you believe you are being held illegally, does not nullify the [current] criminal charge or prevent the State from charging you for the criminal act." The jury convicted appellant and sentenced him to 120 months' imprisonment. This pro se appeal followed.

For reversal, appellant challenges the denial of what the circuit court characterized as a motion to dismiss on the basis that the circuit court or the State was without jurisdiction. Appellant argued before the circuit court that there was a lack of jurisdiction to charge him with the current offense because he was being held in prison illegally. As best can be deciphered, appellant claims that in his 2015 case for which he was convicted and sentenced, there was no criminal information or arrest warrant in the record. He argues, in part, that

> [t]he prison has no jurisdiction to hold me because on 3-23-2015 There is no criminal info showing on the record for me to be charged also on 3-24-2015 there is no warrant for my arrest showing on record for me to be detained The State has violated my rights and has no jurisdiction to charge me.

Due to these alleged deficiencies in the 2015 case record, he contends that he could not be charged with the current offense of possessing a cell phone while in ADC custody.[2]

Although appellant's briefs contain citations to authority, none are applicable to his argument, or he fails to explain how they support his argument. Arguments and allegations that are incomprehensible and are lacking in authority or convincing argument will not be considered by this court. *Alexander v. Kelley*, 2017 Ark. 130, at 5, 516 S.W.3d 258, 261 (citing *Satterlee v. State*, 289 Ark. 450, 451, 711 S.W.2d 827, 828 (1986)). Appellant's argument that was ruled on by the circuit court challenges his prior case in Pulaski County in which appellant was convicted of aggravated burglary, aggravated robbery, theft of property, and terroristic sentencing. As stated previously, he filed a direct appeal from that conviction and appealed the denial of a habeas petition related to that conviction, both of which were affirmed on appeal. *See Anderson (and Thompson), supra*; *Thompson, supra.* The only case before the Lincoln County Circuit Court was the charge of possession of a prohibited article in violation of Ark. Code Ann. § 5-54-119.

Inasmuch as appellant is challenging the circuit court's jurisdiction in this case, it is without merit. Jurisdiction is the power of the court to hear and determine the subject matter in controversy. *Grant v. Payne*, 2022 Ark. 71. When the circuit court has personal jurisdiction

---

[2]The statute under which appellant was charged provides that a person commits possession of a prohibited article if, being an inmate of a correctional facility or in the custody of a correctional facility, the person knowingly possesses a cellular telephone or other communication device. Ark. Code Ann. § 5-54-119(c)(1)(A). We note that appellant does not challenge the sufficiency of the evidence supporting the conviction or assert any trial errors.

over the appellant and also has jurisdiction over the subject matter, the court has authority to render the judgment. *Id.* A circuit court has subject-matter jurisdiction to hear and determine cases involving violations of criminal statutes and has personal jurisdiction over offenses committed within the county over which it presides. *Id.* The crime at issue occurred in Lincoln County where appellant was incarcerated and was before the Lincoln County Circuit Court.

Appellant's argument that the prosecutor was without authority to charge him is also without merit. Each prosecutor in each district has the sole authority, with a grand jury's concurrent authority, to bring charges within that district. *State v. Brooks*, 360 Ark. 499, 505, 202 S.W.3d 508, 512 (2005). The Arkansas Constitution provides that the duty of charging an accused with a felony is reserved to the grand jury or to the prosecutor. *Id.* The crime at issue occurred in Lincoln County, and the deputy prosecutor for that district filed the charge.

Having reviewed the record before us, we cannot say that the circuit court erred in denying appellant's motion to dismiss.

Affirmed.

VIRDEN and BROWN, JJ., agree.

*Zayzhon Thompson*, pro se appellant.

*Tim Griffin*, Att'y Gen., by: *Clayton P. Orr*, Ass't Att'y Gen., for appellee.

6