Cite as 2024 Ark. 54

# SUPREME COURT OF ARKANSAS

**No.** CV–23–375

| | |
|---|---|
| JESSIE HILL<br><br>APPELLANT<br><br>V.<br><br>DEXTER PAYNE, DIRECTOR, ARKANSAS DIVISION OF CORRECTION<br><br>APPELLEE | **Opinion Delivered:** April 11, 2024<br><br>PRO SE APPEAL FROM THE JEFFERSON COUNTY CIRCUIT COURT; MOTION TO PROCEED WITHOUT DENIAL AND WITHOUT DELAY<br>[NO. 35CV-22-1013]<br><br>HONORABLE JODI RAINES DENNIS, JUDGE<br><br><u>AFFIRMED; MOTION MOOT</u>. |

**SHAWN A. WOMACK, Associate Justice**

Appellant Jessie Hill appeals from the Jefferson County Circuit Court's dismissal of his multiple pro se petitions for writ of habeas corpus filed pursuant to Arkansas Code Annotated section 16–112–101 (Repl. 2016). The order of the circuit court is affirmed.[1]

In his pleadings filed in the circuit court, Hill alleged entitlement to habeas corpus based on allegations of double jeopardy, violations of his right to due process, insufficient evidence supporting certain criminal convictions, and various other obscure and conclusory claims. The circuit court noted that Hill's pleadings were often illegible and contained

---

[1]Also pending is a motion filed by Hill to "proceed without denial and without delay," which appears to be an attempt to supplement arguments raised in his brief-in-chief and reply brief. The motion is moot as there is no merit to his appeal. Hill also motioned for writ of mandamus. The motion for writ of mandamus is difficult to discern but appears to challenge his convictions through a mandamus proceeding. The motion for writ of mandamus is dismissed because seeking issuance of a writ of mandamus challenging a judgment of conviction in the course of an appeal does not comply with proper procedure.

profane language. The circuit court concluded that Hill had failed to establish that he is being illegally detained and granted the respondent's motion to dismiss the habeas petitions and Hill's other requests to vacate his allegedly invalid convictions.

## I. *Background*

In 1995, a Grant County jury convicted Hill of capital murder, and he was sentenced to life imprisonment without parole. We affirmed the judgment. *Hill v. State*, 325 Ark. 419, 931 S.W.2d 64 (1996). Hill was subsequently convicted in Ouachita County of first-degree murder and was sentenced as a habitual offender to 720 months' imprisonment to be served consecutively to the sentence of life without parole imposed in the Grant County capital-murder case. No appeal was taken from the first-degree-murder conviction because Hill's pro se motion to file a belated appeal was denied. *Hill v. State*, CR–96–710 (Ark. Nov. 4, 1996) (unpublished per curiam).

Hill subsequently filed multiple petitions for postconviction relief with respect to both convictions that included four habeas corpus petitions. The circuit court denied the petitions, and this court affirmed on appeal. *See Hill v. Kelley*, 2022 Ark. 3; *Hill v. Kelley*, 2018 Ark. 118, 542 S.W.3d 852 (filed pursuant to Act 1780 of 2001, codified at Arkansas Code Annotated sections 16-112-201 to -208); *Hill v. State*, 2014 Ark. 420 (per curiam); *Hill v. State*, 2013 Ark. 413 (per curiam). As evidenced by this appeal, Hill continues to petition for postconviction relief.

## II. *Grounds for Issuance of the Writ*

A writ of habeas corpus is proper when a judgment and commitment order is invalid on its face or when a circuit court lacks jurisdiction over the cause. *Finney v. Kelley*, 2020

Ark. 145, 598 S.W.3d 26. Jurisdiction is the power of the court to hear and determine the subject matter in controversy. *Id.* When the circuit court has personal jurisdiction over the appellant and also has jurisdiction over the subject matter, the court has authority to render the judgment. *Id.* A circuit court has subject-matter jurisdiction to hear and determine cases involving violations of criminal statutes and has personal jurisdiction over offenses committed within the county over which it presides. *Fuller/Akbar v. Payne*, 2021 Ark. 155, 628 S.W.3d 366.

A petitioner for the writ who does not allege his or her actual innocence and proceed under Act 1780 of 2001 must plead either the facial invalidity of the judgment or the circuit court's lack of jurisdiction and make a showing, by affidavit or other evidence, of probable cause to believe that he or she is being illegally detained. *Id.* (citing Ark. Code Ann. § 16-112-103(a)(1) (Repl. 2016)). Proceedings for the writ do not require an extensive review of the record of the trial proceedings, and the circuit court's inquiry into the validity of the judgment is limited to the face of the commitment order. *Id.* Unless the petitioner can show that the circuit court lacked jurisdiction or that the commitment order was invalid on its face, there is no basis for a finding that a writ of habeas corpus should issue. *Id.* In habeas proceedings, an illegal sentence is one that exceeds the statutory maximum sentence. *See Hobbs v. Turner*, 2014 Ark. 19, 431 S.W.3d 283.

III. *Standard of Review*

A circuit court's decision to grant or deny a petition for writ of habeas corpus will be upheld unless it is clearly erroneous. *Hobbs v. Gordon*, 2014 Ark. 225, 434 S.W.3d 364. A decision is clearly erroneous when, although there is evidence to support it, the appellate

3

court, after reviewing the entire evidence, is left with the definite and firm conviction that a mistake has been made. *Id.*

IV. *Claims for Relief*

The habeas petitions and other pleadings filed by Hill in the circuit court are voluminous, contain multiple claims for relief, and are often incomprehensible.[2] Hill's appellate briefs are likewise difficult to decipher. The discernible claims in his brief-in-chief that are preserved for appellate review include arguments that (1) his convictions violated the prohibition against double jeopardy; (2) the charging informations were defective and violated his right to due process in that they failed to provide sufficient notice of the charges against him; and (3) there was insufficient evidence to support his convictions.

Hill fails to state cognizable claims for issuance of the writ because the claims challenge neither the legality of his two sentences nor the subject-matter jurisdiction of the trial courts that entered the judgments of conviction. *Finney*, 2020 Ark. 145, 598 S.W.3d 26. Indeed, a habeas proceeding does not afford a petitioner an opportunity to retry his case, and it is not a substitute for raising an issue either at trial or on direct appeal. *McArthur v. State*, 2019 Ark. 220, 577 S.W.3d 385.

First, Hill's double-jeopardy claim fails to state a basis for habeas relief. While some double-jeopardy claims are cognizable in habeas corpus proceedings, if the petitioner does not show that on the face of the commitment order there was an illegal sentence imposed,

---

[2]It appears that Hill's claims for relief raised in the circuit court that were based on Arkansas Rule of Civil Procedure 60 are not included in his arguments on appeal and are therefore abandoned. *Mister v. Kelley*, 2019 Ark. 187, 575 S.W.3d 410. In any event, Rule 60 is not an avenue for relief from a judgment of conviction. *Grant v. Kelley*, 2018 Ark. 204, 548 S.W.3d 814.

the claim does not implicate the jurisdiction of the court to hear the case, and the claim is not cognizable. *Edwards v. Kelley*, 2017 Ark. 254, 526 S.W.3d 825. Here, there is nothing on the face of each judgment showing that Hill was convicted twice for the same offense. *Morgan v. Payne*, 2022 Ark. 75. Likewise, they provided Hill sufficient notice of the charges brought against him.

With respect to sufficiency-of-the evidence claims, Hill's challenges not only fail to state a cognizable claim but also represent an abuse of the writ in that he has raised these claims in his previous habeas petitions. The abuse-of-the-writ doctrine applies in habeas proceedings to subsume res judicata when the petitioner raises the same arguments addressed previously without bringing forth additional facts to support his or her argument. *Anderson v. Payne*, 2021 Ark. 44. Hill challenged the sufficiency of the evidence supporting his convictions in all his previous petitions for the writ, which were rejected for the same reasons set forth above.

For these reasons, the circuit court did not err when it dismissed Hill's claims for habeas corpus and other relief from his judgments of conviction.

Affirmed; motion moot.

WOOD, J., dissents.

**RHONDA K. WOOD, Justice, dissenting.** When appearing in front of this court, pro se appellants must meet the same standards as licensed attorneys. *See, e.g.*, *Kennedy v. Byers*, 368 Ark. 516, 518, 247 S.W.3d 525, 526 (2007). The rules apply the same for everyone. And our rules require every appellant's brief to include, among other things, a table of contents, table of authorities, points on appeal, jurisdictional statement, and a

5

statement of the case and the facts. Ark. Sup. Ct. R. 4–2(a)(2) These are our rules, not suggestions.

The appellant's brief lacks all five. This brief looks more like a motion than a brief and is difficult to comprehend. In future cases, I would direct the Supreme Court Clerk to reject an appellant's brief that is substantially out of compliance with Rule 4–2. The Clerk should do this even if the appellant is pro se. The Clerk already rejects briefs that fail to meet the word-court requirement. *See Reynolds v. Thurston*, CV-24-13 (Feb. 2, 2024). I would dismiss the instant appeal for non-compliance.

*Jessie Hill*, pro se appellant.

*Tim Griffin*, Att'y Gen., by: *Christopher R. Warthen*, Ass't Att'y Gen., for appellee.