Cite as 2025 Ark. 130

# SUPREME COURT OF ARKANSAS

No. CR-23-783

| | | |
|---|---|---|
| JESSIE EARL HILL | | **Opinion Delivered:** September 25, 2025 |
| | APPELLANT | PRO SE APPEAL FROM THE GRANT COUNTY CIRCUIT COURT |
| V. | | [NO. 27CR-95-38] |
| STATE OF ARKANSAS | | HONORABLE CHRIS E WILLIAMS, JUDGE |
| | APPELLEE | |
| | | AFFIRMED. |

**COURTNEY RAE HUDSON, Associate Justice**

Jessie Earl Hill appeals the denial and dismissal of his motion for postconviction relief filed in Grant County, where Hill was tried and convicted of capital murder. Hill's motion is a request for postconviction relief filed in the form of a civil motion asking the circuit court to dismiss the criminal information that led to his capital-murder conviction, to schedule a hearing on his motion, to allow him to be present at the hearing, to permit filing of a supplemental motion pursuant to Rule 15(d) of the Arkansas Rules of Civil Procedure, and to appoint counsel. Hill cited Arkansas Rule of Civil Procedure 60(c) in support of his postconviction motion and alleged clerical misprision and fraud in his criminal proceedings. The circuit court denied and dismissed Hill's motion, finding that Hill had not raised any new arguments or evidence that would entitle him to the relief sought and that Hill's arguments had been previously raised and rejected. The circuit court further found that the

motion was frivolous and imposed a strike pursuant to Arkansas Code Annotated section 16-68-607 (Supp. 2017). We affirm the circuit court's order.

In 1995, a Grant County jury convicted Hill of capital murder, and he was sentenced to life imprisonment without parole. This court affirmed. *Hill v. State*, 325 Ark. 419, 931 S.W.2d 64 (1996). Hill's capital-murder conviction arose when, in an attempt to avoid arrest for murder in Ouachita County, Hill fatally assaulted the victim, Arbrady Moss, with a marble rolling pin and a juice bottle and fled the state in a stolen vehicle. *Id*. Hill was later convicted of first-degree murder in Ouachita County and was sentenced as a habitual offender to sixty years' imprisonment to be served consecutively to the life sentence imposed in the Grant County capital-murder case.

Hill subsequently filed multiple petitions for postconviction relief, including petitions for writs of habeas corpus primarily challenging his Grant County conviction, all of which were denied by the circuit court and rejected by this court on appeal. *See Hill v. Payne*, 2024 Ark. 54 (affirming dismissal of Hill's habeas petitions and other requests for relief); *Hill v. Kelley*, 2022 Ark. 3 (affirming denial and dismissal of Hill's habeas petition); *Hill v. Kelley*, 2018 Ark. 118, 542 S.W.3d 852 (dismissing appeal from order denying a petition filed pursuant to Act 1780 of 2001, codified at Ark. Code Ann. §§ 16-112-201 to –208, and petition for writ of audita querela); *Hill v. State*, 2014 Ark. 420 (per curiam) (affirming the dismissal of Hill's habeas petition challenging his convictions in both Grant and Ouachita Counties); *Hill v. State*, 2013 Ark. 413 (per curiam) (dismissing appeal). In his 2024 petition for the writ, Hill raised claims that his conviction violated double jeopardy, the charging information was defective, he was not given notice of the charges against him, and the

evidence was insufficient to support his Grant County conviction for capital murder. *Hill*, 2024 Ark. 54.

The present appeal arose from a sixty-page "motion" filed by Hill with attached exhibits asking that the information underlying his capital-murder conviction be dismissed due to a violation of the prohibition against double jeopardy. The substance of the motion is largely incomprehensible such that it is difficult to identify the arguments that have been preserved on appeal that were originally raised in the motion filed in the circuit court. Allegations that are incomprehensible or are lacking in authority will not be considered by this court. *See Alexander v. Kelley*, 2017 Ark. 130, 516 S.W.3d 258 (per curiam).

The few allegations and arguments that are both discernable and preserved appear to simply reassert claims raised in his multiple petitions for habeas relief. Hill argues on appeal that the criminal proceedings against him were defective, including an allegation that he was not given proper notice of the charges against him; there were no latent fingerprints on the rolling pin used to assault Moss and no probable cause to charge him with the murder; there was misconduct on the part of the prosecutor, the attorney general, and other government officials; there was discrimination on the part of this court and the judiciary by rejecting his multiple postconviction petitions; additional DNA testing of the rolling pin should be carried out; and there is insufficient evidence supporting his conviction for capital murder due to the absence of forensic evidence linking him to the rolling pin and other items gathered from the crime scene. Hill's double-jeopardy allegations are largely incoherent but appear to allege that charging him with separate crimes in Ouachita County and in Grant County violated double jeopardy. There is no double-jeopardy violation, however, for

3

separate criminal acts committed in separate counties with two separate victims. *See Clemmons v. Kelley*, 2021 Ark. 47, 618 S.W.3d 128 (explaining that, for double-jeopardy purposes, each shot fired represented a separate offense when the defendant was charged with unlawful discharge of a firearm and there were two separate victims inside the home).

In the motion filed in the circuit court, Hill sought to set aside his conviction by filing a civil motion that collaterally attacked the judgment against him. Civil motions seeking to set aside a civil judgment after the expiration of ninety days are generally filed under the provisions set out in Arkansas Rule of Civil Procedure 60(c) (2023), and in Hill's motion, he specifically cites Rule 60(c) in connection with his overall claims of clerical misprision and fraud. It is well settled that Arkansas Rule of Civil Procedure 60(c) does not apply to criminal proceedings, including postconviction proceedings. *Robinson v. State*, 2020 Ark. 324, 608 S.W.3d 596; *State v. Rowe*, 374 Ark. 19, 285 S.W.3d 614 (2008); *Ibsen v. Plegge*, 341 Ark. 225, 15 S.W.3d 686 (2000). Furthermore, regardless of the label placed on a motion, one that seeks postconviction relief is governed by the provisions of Arkansas Rule of Criminal Procedure 37.1. *Pierce v. State*, 2011 Ark. 152 (per curiam).

Hill's motion was and is an attempt to gain postconviction relief through filing a civil motion to dismiss a criminal judgment. Thus, his motion is simply an attempt to avoid the limitations set out in Arkansas Rule of Criminal Procedure 37.2(c) (1996), and to avoid the abuse-of-the-writ doctrine in habeas proceedings. *See Hill*, 2024 Ark. 54. The motion and appeal are both without merit and fail to state a cognizable claim for postconviction relief under any accepted avenue. This court does not reverse the denial of postconviction relief unless the circuit court's findings are clearly erroneous. *Rasul v. State*, 2015 Ark. 118, 458

4

S.W.3d 722. Here, the circuit court did not clearly err when it denied and dismissed Hill's motion.

Finally, the circuit court imposed a strike, which is warranted when a petitioner brings a civil action that is determined by a court to "[b]e frivolous or malicious; or [f]ail to state a claim on which relief may be granted." *See* Ark. Code Ann. § 16-68-607(b); *Davis v. Kelley*, 2021 Ark. 63. Hill has filed numerous lengthy, incomprehensible, and frivolous petitions for postconviction relief that essentially repeat the same allegations. Hill has repeatedly insisted that the lack of certain evidence demonstrates his innocence despite other evidence and testimony introduced at trial that substantially supported his conviction for the capital murder of Moss. *Hill*, 325 Ark. 419, 931 S.W.2d 64. The circuit court's imposition of a strike was proper here because Hill attempted to circumvent postconviction procedural requirements by filing a frivolous civil action pursuant to Rule 60(c) of the Arkansas Rules of Civil Procedure.

Affirmed.

Special Justice MARK ALLISON joins.

BRONNI, J., not participating.

*Jessie Earl Hill*, pro se appellant.

*Tim Griffin*, Att'y Gen., by: *Jason Michael Johnson*, Ass't Att'y Gen., for appellee.

5