Cite as 2026 Ark. App. 33

# ARKANSAS COURT OF APPEALS
### DIVISION I
### No. CR-24-709

| | |
|---|---|
| KENNETH MURRY<br><br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br><br>APPELLEE | Opinion Delivered January 21, 2026<br><br>APPEAL FROM THE FAULKNER COUNTY CIRCUIT COURT<br>[NO. 23CR-23-47]<br><br>HONORABLE TROY B. BRASWELL, JR., JUDGE<br><br>AFFIRMED |

## RAYMOND R. ABRAMSON, Judge

Kenneth Murry brings this pro se appeal of his conviction by a Faulkner County jury of possession of a firearm by certain persons. He was sentenced to eight years in the Arkansas Division of Correction. We must initially note that this appeal poses unique challenges. Murry does not identify specific issues for appeal, and his assertions are difficult to decipher.[1] Citations to relevant authority are rare, and he does not include any record citations. This court will not make his argument for him or consider an argument that is not properly developed. *Teris, LLC v. Chandler*, 375 Ark. 70, 289 S.W.3d 63 (2008); *Satterlee v. State*, 289 Ark. 450, 711 S.W.2d 827 (1986) (refusing to consider a pro se appellant's arguments that were incomprehensible and lacking in authority or convincing argument.) Thus, in instances

---

[1]Murry's handwritten brief is twenty-two pages.

where Murry's argument is unclear or undeveloped, we do not address it. *Satterlee*, 289 Ark. 450, 711 S.W.2d 827.[2]

From Murry's brief, we have distilled three points: (1) the circuit court erred by denying his motion to dismiss for lack of speedy trial; (2) the circuit court erred by admitting the firearm into evidence; and (3) the circuit court erred by allowing witnesses to testify during the sentencing phase of trial because they had no knowledge of the possession-of-a-firearm incident. We affirm.

On January 17, 2023, the State filed a criminal information charging Murry with possession of a firearm by certain persons and as a habitual offender. In the attached affidavit, the State alleged that Murry had been arrested on January 13 for an outstanding warrant and that during his arrest, an officer located a firearm in his waistband.

On April 24, the court entered a scheduling order and set a pretrial hearing for July 17, and it charged the time to Murry for speedy-trial purposes. On July 17, the court issued a scheduling order and set a motion hearing for August 11, and it charged speedy-trial time to Murry. On August 11, 2023, the court issued a scheduling order and set a pretrial hearing for October 2, and it charged the time to Murry for speedy-trial purposes.

On January 9, 2024, Murry fired his public defender, and he proceeded pro se. On January 23, the court ordered a fitness-to-proceed examination.

---

[2]Murry's argument includes numerous complaints about his incarceration conditions and issues with his other criminal charges and convictions, which we do not address.

On March 11, Murry filed a pro se motion to dismiss for lack of speedy trial. On May 8, the examination report was filed, and the report indicated that Murry was fit to proceed. On May 13, the court held a hearing and denied Murry's speedy-trial motion.

The court held a jury trial June 20. At trial, Officer Vanessa Piper testified that on January 13, 2023, she responded to Murry's call about not receiving his paycheck from his employer. She explained that she met Murry at a gas station and learned he had warrants for his arrest. She testified that she then arrested him and located a firearm in the front waistband of his pants.

The State also introduced Murry's prior conviction for first-degree terroristic threatening from January 22, 2018, and for breaking or entering and theft of property from February 21, 2019.

The jury found Murry guilty, and the trial proceeded to the sentencing phase. The State called Abdujabbar Hidais. Murry objected to Hidais's testimony because Hidais was a witness to a pending terroristic-threatening case against Murry and had no credibility concerning the possession-of-a-firearm incident. The court overruled his objection.

Hidais testified that he worked at a gas station, and on August 2022, Murry threatened to kill him with a screwdriver after they argued about food prices.

Amber Brantley also testified that on January 1, 2023, Murry approached her in a store and repeatedly made sexually explicit comments. She stated that she told her husband about the incident. Charles Brantley testified that he confronted Murry at the store and told him to apologize to his wife. Charles stated that Murry asked, "Is it worth dying over? You

ready to fucking die?" Then Murry put his hands in his pockets. Charles testified that Murry's action suggested that Murry had a weapon.

Thereafter, Murry was sentenced to eight years' imprisonment. This pro se appeal followed.

The first issue that we ascertain from Murry's brief is his assertion that the firearm seized during his arrest was fruit of the poisonous tree because there was no probable cause for the underlying arrest warrant. Although Murry indicated that he intended to file a suppression motion at pretrial hearings, he did not file such a motion, did not develop the argument, and did not obtain a ruling on this issue. As such, the argument is not preserved for appeal. *Holland v. State*, 2015 Ark. 341, at 19, 471 S.W.3d 179, 190.

Murry also claims that the circuit court denied his right to a speedy trial, and he asserts that his trial took place seventeen months after his arrest.

We conduct a de novo review to determine whether specific periods of time are excludable under our speedy-trial rules. *Carter v. State*, 2016 Ark. 152, 484 S.W.3d 673. Once a defendant establishes that his trial took place outside the speedy-trial period, the State bears the burden of showing that the delay was the result of the defendant's conduct or otherwise justified. *Id.* The time for trial shall commence running from the date of arrest. Ark. R. Crim. P. 28.2(a). Further, the filing of a speedy-trial motion to dismiss tolls the time for trial and establishes the end date for the speedy-trial calculation. *Ray v. State*, 2023 Ark. App. 515, 678 S.W.3d 882. In this case, Murry was arrested on January 13, 2023, and his speedy-trial motion was filed 423 days later on March 11, 2024.

However, the State correctly points out that at least 161 days are excludable for speedy-trial purposes. Specifically, in the orders entered on April 24, July 17, and August 11, 2023, the court charged the speedy-trial time from April 24 to October 2, 2023, to Murry, and Murry did not object to the orders. A contemporaneous objection to the excluded period is necessary to preserve the argument in a subsequent speedy-trial motion. *Smith v. State*, 2021 Ark. App. 253, at 4, 624 S.W.3d 718, 721. Thus, Murry's speedy-trial argument is without merit.

Murry additionally argues that the circuit court erred by allowing Hidais and the Brantleys to testify during the sentencing phase because their testimony was irrelevant to the felon-in-possession-of-a-firearm charge. Murry did not object to the Brantleys' testimony. Accordingly, his argument is not preserved. *Vaughn v. State*, 2015 Ark. App. 136, 456 S.W.3d 767.

As to Hidais's testimony, we find no error. The circuit court's decision to admit evidence in the penalty phase of a trial is reviewed for an abuse of discretion. *Stover v. State*, 2014 Ark. App. 393, 437 S.W.3d 695. Additionally, a defendant who has received a sentence within the statutory range short of the maximum sentence cannot show prejudice from the sentence. *Gill v. State*, 2010 Ark. App. 524, 376 S.W.3d 529.

Evidence relevant to sentencing may include relevant character evidence or evidence of aggravating and mitigating circumstances. Ark. Code Ann. § 16-97-103(5), (6) (Supp. 2025); *see also Huff v. State*, 2012 Ark. 388, at 7, 423 S.W.3d 608, 612 (stating that "[e]vidence of uncharged criminal conduct can be admissible at the penalty phase of a trial if it is relevant

evidence of the defendant's character or as evidence of an aggravating circumstance"). Evidence is relevant if it has any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. Ark. R. Evid. 401. All relevant evidence on the question of sentencing may be considered, and it may include evidence on the issue of rehabilitation. *Crawford v. State*, 362 Ark. 301, 208 S.W.3d 146 (2005). In *Stover*, we held that the testimony of subsequent crimes in the sentencing phase was relevant because the commission of a crime was an aggravating circumstance, it showed Stover's character, and it demonstrated his lack of potential for rehabilitation. *Stover*, 2014 Ark. App. 393, 437 S.W.3d 695. Similarly, in this case, we find no abuse of discretion.[3]

Accordingly, for the reasons set forth above, we affirm Murry's conviction.

Affirmed.

GLADWIN and BARRETT, JJ., agree.

*Kenneth Murry*, pro se appellant.

*Tim Griffin*, Att'y Gen., by: *James Hill*, Ass't Att'y Gen., for appellee.

---

[3]Murry also complains that the State did not provide him with a witness list until June 2024. However, Murry does not otherwise develop his argument. This court will not make his argument for him or consider an argument that is not properly developed. *Satterlee*, 289 Ark. 450, 711 S.W.2d 827.